**In the Matter of Petition for F. J. REILLY for Review of an Order of the National Railroad Adjustment Board, First Division.**

**No. 18461.**

United States Court of Appeals,
Seventh Circuit.
April 22, 1971.

William J. Harte, Chicago, Ill., John L. Stentz, Kankakee, Ill., for appellant.

Robert Z. Hickman, Danville, Ill., for respondent-appellee; Gunn, Hickman, Kesler & Jenkins, Danville, Ill., of counsel.

Before DUFFY, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and GRANT, District Judge.[1]

DUFFY, Senior Circuit Judge.

This suit was brought in the District Court on petitioner-appellant's petition for a review of an order issued by the National Railroad Adjustment Board. The District Court granted respondent's motion to dismiss. We affirm.

Petitioner was a yard-brakeman who was employed by the Cleveland, Cincinnati, Chicago and St. Louis Railway Company of the New York Central System.

On October 21, 1953, petitioner F. J. Reilly, filed a claim with the National Railroad Adjustment Board, First Division, seeking a reinstatement without impairment of seniority and pay for accumulated lost time.

Petitioner alleges he was wrongfully discharged by his employer after a minor dispute arising out of his employment. He requested of his employer that he be off duty for a five to seven day period commencing October 5, 1952. This request was denied. Petitioner did not report for work during that period. Petitioner was notified of an investigation to be held October 15, 1952 to determine the cause of his absence from duty. He later was notified that he had been suspended for a thirty-day period. Another investigation was held, and he was ordered discharged on December 5, 1952. Another order of discharge for the same offense was entered on April 27, 1953.

The decision of the First Division of the National Railroad Adjustment Board dated June 6, 1955, stated that since the "Time Limit Rule was not complied with", the claim must be dismissed. It was also stated that "hearing was waived." In addition, it appears that the merits of the claim, along with supporting evidence, were briefed for the Board, as was usual in such cases.

At the time of the Board's decision, the National Railway Labor Act allowed judicial review only of decisions which included a monetary award. Cases such as petitioner's in which no monetary award was given were "final" under the Act.

Effective June 20, 1966, the Railway Labor Act was amended and now authorizes an employee to file a petition for review in a United States District Court in certain limited situations, even though no monetary award had been granted. The Act provides: "All actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after." 45 U.S.C. § 153.

Petitioner filed his petition for review under the Act on June 18, 1968 which was within two years after the enactment of the new subsection (q) of the

1. Judge Grant is sitting by designation.

Act, but it was more than two years after the adverse decision of the Adjustment Board.

Respondent contends that the June 20, 1966 amendments cannot be applied retroactively. The District Court agreed in substance with the position taken by respondent and concluded "Since there is no evidence of any Congressional intention to give subsection (q) retroactive application, it is the opinion of this Court that judicial review is not available to petitioner."

■ The principal issue before us is whether the remedial provisions of the 1966 amendments to the Railway Labor Act, which for the first time authorizes a judicial review, may be applied retroactively to permit a judicial review of an adverse decision of the Railroad Adjustment Board which was rendered prior to the time the 1966 amendments were enacted.

We feel that the District Court correctly stated the law in holding that amendatory statutes generally operate prospectively only absent a strong indication of legislative intent to the contrary. We note here that the Legislative History accompanying the 1966 amendment is silent on the question of Congress' intent on this matter. 1966 U.S. Code Cong. and Admin. News, p. 2285 et seq. And we also note that this amendment, dealing as it does with the right to appeal, might arguably be considered "relating merely to the remedies and forms of procedures." But that does not answer the entire question.

The amendment created substantial changes in the earlier procedures and, if given retroactive effect, would have a substantial effect on the earlier action of the Adjustment Board. As was stated in Aetna Casualty and Surety Company v. Industrial Accident Commission, 30 Cal.2d 388, 182 P.2d 159—"If substantial changes are made, even in a statute which might ordinarily be classified as procedural, the operation on existing rights would be retroactive because the legal effects of past events would be changed, and the statute will be construed to operate only in futuro unless the legislative intent to the contrary clearly appears." Quoted also in Koster v. Warren, 297 F.2d 418, (9 Cir., 1961).

■ We disagree with the claim of petitioner that the 1955 dismissal by the Adjustment Board was not a final judgment for our purposes. Although the stated reason for dismissal was that the "Time Limit Rule was not complied with," it appears also that the merits of the claim were fully briefed for the Board and that a hearing was waived. Moreover, the central point is that the matter, as of the time of the Board's action, was closed and became final. Thus any action which we might take would be interfering with that final judgment.

For that reason our case differs sharply from Brotherhood of Railroad Trainmen v. Denver and Rio Grande Western Railroad Company, 370 F.2d 833 (10 Cir., 1967) and Hanson v. Chesapeake and Ohio Railroad Company, 291 F.Supp. 401 (S.D.W.Va.1968) which are cited by petitioner. In both of those cases, retroactive effect was given to the 1966 amendment, but they both dealt with cases which were still pending when the 1966 amendments were passed. Both courts took pains to point out that it was only to still pending matters that the amendment would be given retroactive effect.

Since we have decided that the 1966 amendment will not be applied retroactively to petitioner's claim, we need not determine whether he stated a claim under the Statute.

The judgment dismissing this petitioner's suit is

Affirmed.