Paul A. PIASKOSKI, on behalf of himself and all others similarly situated, Plaintiff,

v.

ASSOCIATED HOSPITAL SERVICE, INC.,

and

The Medical Society of Milwaukee County, Inc., a/k/a Surgical Care/Blue Shield, Defendants.

No. 72-C-91.

United States District Court, E. D. Wisconsin.

Aug. 1, 1972.

Panos, Samster, Trapp & Domnitz by James P. Samster, Milwaukee, Wis., for plaintiff.

Foley & Capwell by Garth R. Seehawer, Racine, Wis., for Associated Hospital Service.

Borgelt, Powell, Peterson & Frauen by Edmund W. Powell, Milwaukee, Wis., for Medical Society of Milwaukee County.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint which contains Mr. Piaskoski's action for damages because of the defendants' alleged violation of the Economic Stabilization Act of 1970. Jurisdiction is said to exist under an amendment to the foregoing act, which became effective on December 22, 1971.

The complaint asserts that the defendants increased the monthly price of a certain type of insurance contract by $7.20, effective December 1, 1971. The plaintiff claims that he paid this increased monthly payment on December 18, 1971 and also avers that such increase violated the federal act. In this motion, the defendants contend that the court is without jurisdiction and that

the complaint fails to state a cause of action upon which relief can be granted. The principal thrust of the defendants' argument is that the right of a private individual (such as Mr. Piaskoski) to bring an action under the amendments to the act did not exist on the date of either the price increase or the alleged overcharge.

 The amendments essential to the plaintiff's cause of action were not effective until December 22, 1971. In my opinion, they were not retroactive to the date on which the plaintiff alleges he made payment of the overcharged amount, to-wit: December 18, 1971. Greene v. United States, 376 U.S. 149, 160, 84 S.Ct. 615, 11 L.Ed.2d 576 (1963).

I believe that both §§ 210 and 211, contained in the 1971 amendments, involve substantive changes of law which were not made retroactive by Congress. Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); In re Reilly, 442 F. 2d 26 (7th Cir. 1971).

The plaintiff has filed a supplemental brief in which he argues that since his payment on December 18, 1971 was not actually cashed by the bank until December 22, 1971, payment was not made until the latter date. I find no merit in this contention. I believe that the payment was made by Mr. Piaskoski on December 18, 1971, the date on which the check was delivered to the defendants. Duke v. Sun Oil Co., 320 F.2d 853 (5th Cir. 1963); Clark v. Commissioner of Internal Revenue, 253 F.2d 745 (3d Cir. 1958). The plaintiff does not aver or argue that his check remained undelivered to the defendants until December 22, 1971; he relies instead on the fact that his bank did not pay such check until December 22, 1971. If the plaintiff chooses to amend his complaint, he may do so within 20 days from the date of this decision.

I conclude that this court is without jurisdiction to entertain the complaint of this plaintiff under the facts set forth in the complaint; I further conclude that the complaint does not allege a claim upon which relief can be granted.