**MARTROPICO COMPANIA NAVIERA
S. A., Plaintiff,**

v.

**PERUSAHAAN PERTAMBANGAN MIN-
YAK DAN GAS BUMI NEGARA
(PERTAMINA), Defendant.**

**No. 77 Civ. 300 (CHT).**

United States District Court,
S. D. New York.

March 22, 1977.

---

Trubin Sillcocks Edelman & Knapp, New York City, for plaintiff; Albert I. Edelman, Denis P. McCusker, New York City, of counsel.

Rogers & Wells, New York City, Burke & Parsons, New York City, for defendant; Caesar L. Pitassy, John J. Sheehy, Jeffrey M. Weissman, New York City, of counsel.

TENNEY, District Judge.

Plaintiff Martropico Compania Naviera S.A. has moved by order to show cause to remand this action to the state court. The action was commenced on July 22, 1976 in the Supreme Court of the State of New York by a motion for summary judgment in lieu of complaint, pursuant to N.Y.C.P.L.R. § 3213, to enforce instruments for the payment of money. It was removed to this Court by petition and notice dated January 21, 1977. An extensive and voluminous record has been accumulated to date in the state court as evidenced by the affidavits of Albert I. Edelman, Esq., verified January 27 and February 9, 1977, and submitted in support of the present motion.

Defendant Perusahaan Pertambangan Minyak Dan Gas Bumi Negara ("Pertamina") argues that removal was proper under Section 6 of the Foreign Sovereign Immunities Act of 1976, Pub.L. No. 94–583, 90 Stat.

2891, *codified at* 28 U.S.C. § 1441(d) ("Immunities Act" or "Act"). This section enlarged the removal jurisdiction of the federal district court by providing:

"(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown."

Although the Immunities Act was enacted on October 21, 1976, it did not become effective until January 21, 1977 after a 90-day waiting period. Immunities Act § 8.

The defendant contends that the removal provision of the Act was meant to apply to cases then pending in the state courts on the effective date and that ample "cause shown" exists to permit the Court to enlarge the time for removal pursuant to the last sentence of the section. For the reasons stated below, the Court finds the defendant's arguments without merit. Accordingly, this case is remanded to the state court.

 The Immunities Act serves several purposes. Primarily, it provides a unitary rule for determinations of claims of sovereign immunity in legal actions in the United States, thereby eliminating the role of the State Department in such questions and bringing the United States into conformity with the immunity practice of virtually every other country. H.R.Rep.No.94–1487, 94th Cong., 2d Sess., 7 (1976), *reprinted in* [1976] U.S.Code Cong. & Ad.News, pp. 6605–6606 ("Report"). The Act states that "[c]laims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter." 28 U.S.C. § 1602. These principles, including rules for service of process upon foreign states, are set forth in a new chapter of the Judiciary Code. *Id.*

§§ 1602–11. Thus, while the Congress, by passing the Act, meant to encourage litigants to bring actions involving foreign states in the federal courts, Report, *supra*, at 13, it also clearly intended that such actions would continue to be brought in state courts. Congress left this option open, choosing not to exercise its power to confer exclusive jurisdiction of these cases on the federal courts. *See City of Greenwood v. Peacock*, 384 U.S. 808, 833, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

 Whether the Immunities Act's removal provisions were intended to apply to cases pending in state court on the Act's effective date cannot be determined by facile reference to the Act's "preference that actions involving foreign states be tried in federal court," as the defendant argues. Indeed, this Court must be mindful of the general principle that removal statutes are to be strictly construed against removal and in favor of remand. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934).

Moreover, it seems clear that, regardless of the effect of the Immunities Act on the removal of pending state actions, the original jurisdiction of the federal courts is prospective only. The recently revised jurisdictional provision of 28 U.S.C. § 1330(a) grants the district courts original subject matter jurisdiction of nonjury civil actions against a foreign state. Under the new section 1330(b), however, personal jurisdiction exists only as to claims where service has been made under section 1608 of the new chapter 97—"Jurisdictional Immunities of Foreign States"—which became effective on January 19, 1977. 28 U.S.C. § 1608. Indeed, the very wording of section 1330(a) that the "district courts *shall have* original jurisdiction" is prospective (emphasis added).

The intention of Congress not to have the removal provisions apply to pending actions can also be gleaned from a careful reading of the removal section itself, which states: "Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown." 28 U.S.C. § 1441(d). Section 1446(b) provides:

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Under the terms of section 1446(b) the removal clock begins to run upon the defendant's receipt of the state court pleading or summons, or, if no grounds for removal is apparent at that time, then upon the receipt of the *"paper* from which it may first be ascertained" that removal is possible (emphasis added). The cases have construed this latter provision to be triggered only by a *voluntary* act of the plaintiff. See 1A *Moore's Federal Practice* ¶ 0.168[3.–5] at 487 (2d ed. 1974). In the case at bar, the state action was commenced in July. The plaintiff performed no voluntary act which made the case removable; rather, removal is grounded solely on an involuntary act, the change in the statute. As Judge Duffy pointed out in remanding a recent case almost identical to the instant action,

"If Congress, aware that involuntary developments, such as a change in the law as here, would not start the removal clock

of § 1446(b) running, had desired the newly created right to remove to be retroactive, so that an extension of that right would be possible at this juncture, it could have so indicated." *Rasu Maritima S.A. v. Perusahaan Minyak Dan Gas Bumi Negara (Pertamina),* 77 Civ. 263 (S.D.N.Y. March 7, 1977) (memo endorsement) (citation omitted).

In the absence of any indication of such congressional intention, the Court must assume that the terms of section 1446(b) are to be strictly observed. Thus, the removal clock must be assumed to have commenced running in July of last year, well beyond the 30 days specified in the statute.

Congress left one escape valve, however, by providing that the time for removal could be extended "at any time for cause shown." 28 U.S.C. § 1441(d). To allow the passage of the statute alone to constitute "cause shown," however, would be to eviscerate that standard by making it automatically satisfied in all cases pending in state courts on the effective date of the Immunities Act.

Finally, examining the facts of this particular case, the Court concludes that the only "cause shown" supports not an extension of the removal time limits but their strict enforcement. In the six months following the commencement of this action a number of applications were brought before the state court, raising many of the defenses in this action. To remove this action to a federal court now when the state court—a forum explicitly intended by Congress to hear actions such as this—has already begun work would create a needless duplication of judicial effort and a waste of the litigants' time and money.

For the reasons stated above, this case is remanded to the New York State Supreme Court.

So ordered.