**TOUCHE ROSS & CO., Plaintiff,**

v.

**MANUFACTURERS HANOVER TRUST CO., and Bank Saderat, Defendants.**

**No. 80 C 6677.**

United States District Court,
S. D. New York.

Dec. 17, 1980.

Shea & Gould, New York City, for plaintiff; Leon P. Gold, Robert J. Ward, Judith Spanier, New York City, of counsel.

Fenwick, Stone, Davis & West, New York City, for defendant Bank Saderat; Richard D. Gaines, New York City, of counsel.

Simpson Thacher & Bartlett, New York City, for defendant Manufacturers Bank; James J. Haugh, New York City, of counsel.

MILTON POLLACK, District Judge.

THE COURT: This is an application to remand this case to the state court from whence it came, namely, the Supreme Court of the State of New York, New York County.

The suit was commenced in state court in July, 1979, to obtain relief from an obligation payable to the government of Iran through Bank Saderat on an arrangement between the plaintiff and the government of Iran for professional services, under certain circumstances.

Plaintiff contends it canceled that obligation directly with the government of Iran and with notice to Bank Saderat.

About a month prior to the time that this suit was brought in state court, namely, on June 7, 1979, Bank Saderat was nationalized by the government of Iran.

The ground urged by Bank Saderat to remain in this court is in essence that it has been found by the state court to have been expropriated by Iran; that it is consequently owned by Iran, and the bank claims that it removed this suit timely after a finding by the state court to that effect, and on the premise that the nationalization was in effect an expropriation.

In connection with the nationalization of the bank in June of 1979, the government of Iran has appointed the directors of the bank and is in all respects in control of the bank and its operations.

However, the bank on this application denies that it has been expropriated, even if it was in fact nationalized, and claims that it is not owned by Iran and urges that the state court's finding to that effect, in an opinion which called for the submission of an order memorializing that opinion, is in fact erroneous.

Prior to the time that the state court signed its order, in pursuance of its opinion, but after orders were submitted in accordance with the direction of the state court for signature, the removal petition was filed.

Consequently, the bank's reliance on the Foreign Sovereign Immunities Act is being urged at the same time as the bank negates its sovereign status.

Even assuming that the bank is an entity governed by the Foreign Sovereign Immunities Act, removal was inappropriate. At the latest, the possibility of removal as an entity covered under 28 U.S.C. Section 1603 and 28 U.S.C. Section 1446(b) could have been first ascertained from plaintiff's motion papers for a preliminary injunction submitted in state court on September 3, 1980.

The bank's petition for removal was filed November 24, 1980, or over 30 days later, albeit that the statute requires such removal within 30 days.

Thus, the state court opinion of October 28, 1980 appears almost irrelevant for purposes of determining timeliness of the filing of the petition for removal.

No voluntary act of the plaintiff brings about a change here that renders this case removable and even action by the state court which might be deemed to have made the case removable will not extend the time period for filing removal.

In *Martropico Compania Naviera S. A. v. Perusahaan*, 428 F.Supp. 1035, 1037 (SDNY 1977), Judge Tenney of this court stated that Congress "clearly intended that such actions (involving foreign states) would continue to be brought in state courts (and that) Congress left this option open, choosing not to exercise its power to confer exclusive jurisdiction of these cases on federal courts".

It is well-settled principle, in addition, "that removal statutes are to be strictly construed against removal and in favor of remand", *id*. 1037. (Citing *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)".

No cause has been shown for an extension of the time for the removal of this case beyond the statutory period and the bank should be deemed to have waived its right to remove by the extensive proceedings and litigation that it indulged in in the state courts with full knowledge of the pervasiveness of the control of the bank's affairs by the government of Iran from at least June 7, 1979.

The motion is accordingly granted and the action is in all respects remanded to the state court.

So ordered.