**Betty J. FRIEL, personal representative of decedent, William G. Friel, Jr., Plaintiff-Appellee,**

v.

**The CESSNA AIRCRAFT COMPANY, Defendant-Appellant.**

**Betty J. FRIEL, personal representative of decedent, William G. Friel, Jr., Plaintiff-Appellee,**

v.

**SANTA BARBARA AVIATION, Defendant-Appellant.**

**Nos. 84–5555, 84–5556.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 7, 1984.

Decided Jan. 14, 1985.

Russell L. Swarthout, Detroit, Mich., for plaintiff-appellee.

E. Lee Horton, James M. Derr, Los Angeles, Cal., for Cessna.

Foster Furcolo, Jr., Hillsinger & Costanzo, Los Angeles, Cal., for Santa Barbara Aviation.

Before CHAMBERS and HUG, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

On July 23, 1980, William G. Friel, Jr., departed from Santa Barbara, California in a single-engine Cessna Type 188 airplane bound for the Hawaiian Islands. While enroute over the Pacific Ocean and still several hundred miles short of his destination, Mr. Friel was forced to ditch the airplane. The pilot of an aircraft accompanying Mr. Friel's airplane notified the Coast Guard of the incident. A thorough search was conducted in the area. Neither Mr. Friel nor the airplane was ever found.

Betty J. Friel, as personal representative of the decedent, brought this action alleging negligence, strict tort, and breach of warranty in the United States District Court, Central District of California, on October 18, 1982. Jurisdiction was founded on the Death on the High Seas Act (DOHSA), 46 U.S.C. § 761 (1982). Defendants Cessna Aircraft Company and Santa Barbara Aviation each filed a motion for summary judgment contending the suit was barred by the two-year statute of limitations in effect at the time of the incident, 46 U.S.C. § 763 (repealed October 6, 1980). The District Court disagreed and denied the motions, finding that the suit was governed by the recently enacted three-year statute of limitations, 46 U.S.C. § 763a (1982).

Defendants were granted leave to file interlocutory appeals and we consolidated the cases for decision. We note jurisdiction pursuant to 28 U.S.C. § 1292(a)(3) and affirm.

The sole question before us is which statute of limitations is applicable.[1] The two-year limitation, § 763, was in effect at the time of Mr. Friel's death. Shortly thereafter, Congress repealed § 763 and enacted § 763a, which extended the limitation period to three years.[2] The repeal of the two-year statute and the simultaneous lengthening of the limitations period occurred less than three months after Mr. Friel's death. This suit was actually commenced more than two years after the date of the fatal incident and is, therefore, time-barred if the repealed § 763 applies. However, if the three-year period of § 763a is applicable, the case may proceed.

We must look at Congress' intent in repealing § 763 and enacting § 763a. The stated intent of the legislation is to provide a uniform statute of limitations period for *all* maritime torts. *See* H.R.Rep. No. 737, 96th Cong., 2d Sess. 1, *reprinted in* 1980 U.S.Code Cong. & Ad.News 3303. In particular, Congress was concerned with eliminating the uncertainty caused by reliance upon the doctrine of laches to set the time limit for bringing a suit under the general admiralty concept of "unseaworthiness." To the extent that Congress also considered the two-year time period of § 763 for DOHSA actions, it was to bring this limitation into conformity with the other maritime torts.

Appellants inject something of a red herring into this discussion by arguing that the unconditional repeal of § 763 actually shows that Congress intended to trigger

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Grants of summary judgment are reviewable by this court de novo. *Ward v. United States, Dept. of Labor,* 726 F.2d 516, 517 (9th Cir.1984). Summary judgment has been properly granted when it appears that there was no genuine issue as to material fact and the moving party was entitled to judgment as a matter of law. *Nation-*

*al Union Fire Insurance Co. v. Argonaut Insurance Co.,* 701 F.2d 95, 96 (9th Cir.1983).

2. The extended limitations period of 46 U.S.C. § 763a provides:

Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

the general savings statute, 1 U.S.C. § 109 (1982).[3]  We do not agree.

At the outset, we note that the history of the "savings clause" shows it is primarily a device activated by the repeal of criminal statutes.  The savings provisions of § 109 was enacted "to abolish the common-law presumption that the repeal of a criminal statute resulted in the abatement of 'all prosecutions which had not reached final disposition in the highest court authorized to review them.'"  *Warden v. Marrero,* 417 U.S. 653, 660, 94 S.Ct. 2532, 2536, 41 L.Ed.2d 383 (1974), quoting *Bradley v. United States,* 410 U.S. 605, 607, 93 S.Ct. 1151, 1153, 35 L.Ed.2d 528 (1973).

Moreover, § 109 generally does not "save" discarded remedies and procedures. *Warden v. Marrero,* 417 U.S. at 660, 661, 94 S.Ct. at 2536, 2537.  Statutes of limitation are usually considered remedial.  As such, the savings clause will not ordinarily preserve a repealed statute of limitations. *United States v. Obermeier,* 186 F.2d 243, 253 (2d Cir.1950); *see also Bridges v. United States,* 346 U.S. 209, 226, 73 S.Ct. 1055, 1064, 97 L.Ed. 1557 (1953) (similar savings clause held not to save period within which indictment may be found).

It is unlikely that Congress intended the unconditional repeal of § 763 to reflect an intention to "save" its two-year limitation period under the general savings clause. The two-year limitation was repealed and simultaneously replaced by a general three-year limitation for all maritime torts.  The stated intent of Congress in making this change was to eliminate uncertainty and to provide a *uniform* limitation period.  Accepting appellants' argument will result in two different limitation periods in effect at the same time.  Without clearer indicia, we

cannot suppose that Congress intended such a result.

It is a rule of construction that statutes are ordinarily given prospective effect. But when a statute is addressed to remedies or procedures and does not otherwise alter substantive rights,[4] it will be applied to pending cases.  *See, e.g., Mahroom v. Hook,* 563 F.2d 1369, 1373 (9th Cir.1977), *cert. denied,* 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *see also Hallowell v. Commons,* 239 U.S. 506, 508, 36 S.Ct. 202, 203, 60 L.Ed. 409 (1916); *Bush v. State Indus., Inc.,* 599 F.2d 780, 786 n. 9 (6th Cir.1979); 2 Sutherland, Statutes & Statutory Construction § 41.04 (Sands 4th Ed. 1973).  The purpose behind this rule of construction is clear.  Non-retrospective application of a statute "prevents the assigning of a quality or effect to acts or conduct which they did not have or did not contemplate when they were performed." *Union Pacific R.R. Co. v. Laramie Stock Yards Co.,* 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913).  This danger is not present where statutes merely affect remedies or procedures.

Moreover, it is clear that the considerations militating against retrospective application of a statute are not present in this case.  The legislative change in no way alters the effect given to conduct before the change.  No conduct on the part of either party would have differed if the statute had been in effect at the time of the fatal incident.  Given the general rule that statutes making remedial changes will be applied to pending actions, we must presume that Congress so intended.  Congress certainly knew how to save the two-year limitation if that was their intent.  In the

---

**3.** 1 U.S.C. § 109 provides: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

**4.** Appellants point to several cases where the court refused to give § 763a retrospective application.  *See, e.g., Fordham v. Belcher Towing Co.,* 710 F.2d 709, 710 (11th Cir.1983).  These cases dealt with whether § 763a could be used to *cut off* actions which were otherwise viable under the doctrine of *laches.*  These are exactly the "substantive rights" a court must look to in determining whether to apply a remedial statute retroactively.  In this case, appellants had acquired no such substantive rights.

absence, therefore, of clear congressional intent to the contrary, this court will follow the settled rule of statutory construction.

■ The two-year time bar was not yet complete and the action was viable when the limitation period was lengthened to three years. Moreover, defendants had acquired no vested right to immunity from suit for their alleged wrong under § 763 when the limitation period was lengthened. The District Court correctly applied the extended limitation period of § 763a. Accordingly, we affirm the denial of appellants' motions for summary judgment.

The case is remanded to the District Court for further proceedings. We affirm.

AFFIRMED.