Matthew EHRLICH, Plaintiff,

v.

The OXFORD INSURANCE COMPANY, Capital Workshop Financial & Insurance Services, National Futures Association, and Does One through Thirty, inclusive, Defendants.

No. C–88–4192–WWS.

United States District Court, N.D. California.

Dec. 9, 1988.

Lawrence J. King, Gail J. Saliterman, Turner & Brorby, San Francisco, Cal., for plaintiff.

James A. Murphy, Helen C. Smith, Murphy, Pearson, Bradley & Feeney, San Francisco, Cal., for defendants.

## ORDER

WILLIAM W SCHWARZER, District Judge.

Plaintiff Matthew Ehrlich filed this action in California Superior Court, against the Oxford Insurance Company ("Oxford"), Capital Workshop Financial & Insurance Services ("Capital Workshop"), National Futures Association ("National"), and thirty fictitious Doe defendants. Oxford and Capital Workshop removed the action to this Court, claiming diversity jurisdiction. Plaintiff moves to remand on the ground that removal was improper because Capital Workshop is a California citizen and because of the Doe defendants.

## I. FACTUAL BACKGROUND

Ehrlich is a commodities broker who was named as a defendant in a state court fraud action. He retained the law firm of Fabian, Graham & Englese ("FG & E") to represent him. Because of legal malpractice by FG & E, a judgment in excess of $115,000 was entered against Ehrlich.

Ehrlich demanded that FG & E pay the judgment, and FG & E tendered this demand to its insurance carrier, Oxford. Oxford referred the claim to its claims adjustor, Capital Workshop, which refused to pay Ehrlich. Ehrlich then sued FG & E for legal malpractice.

When National, which is a private agency engaged in regulating commodities brokers, learned of the outstanding fraud judgment against Ehrlich, it sent him a notice stating that he no longer was registered by National as a commodities broker. Plaintiff alleges that, to clear his record with National so that he could take a new job, he agreed to drop punitive damage claims against FG & E in exchange for which Oxford satisfied the fraud judgment. Subsequently, Ehrlich successfully prosecuted his consequential damages claims against FG & E.

Ehrlich then initiated the current action. He asserts claims against Oxford and Capital Workshop for violation of California Insurance Code section 790.03, conspiracy, and intentional and negligent infliction of emotional distress. He asserts claims against National for negligent investigation of the circumstances of the original fraud action and for negligent infliction of emotional distress.[1]

## II. DISCUSSION

### A. *Separate and Independent Action*

In their opposition to the motion for remand, the removing defendants Oxford and

---

1. National has not yet been served with summons and complaint.

Capital Workshop make the conclusory assertion that 28 U.S.C. section 1441(c) "provides that an entire action may be removed in the court's discretion 'whenever a separate and independent claim ..., which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims....'" [2] (Memo. in Opposition at 1.) The removing defendants do not explain how this section applies to their petition for removal.

■ A claim is separate and independent from other claims if it involves an actionable wrong separate from the other claims and if complete relief may be afforded as to it without reference to the other claims and without the presence of the parties to the other claims. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 13–14, 71 S.Ct. 534, 539–540, 95 L.Ed. 702 (1951).

This action involves two sets of claims: (1) those against removing defendants Oxford and Capital Workshop arising out of the malpractice insurance policy issued by Oxford to FG & E; and (2) those against National arising out of National's allegedly negligent investigation of the facts underlying the judgment entered against plaintiff Ehrlich. The claims against Oxford and Capital Workshop are separate and independent from the claims against National, but they are not separate and independent from each other. *See American Fire*, 341 U.S. at 14–16, 71 S.Ct. at 540–541 (claims arising out of single claim on insurance policy not separate and independent from each other).

■ Whatever may be said of the claims against National, it is clear that the action cannot be removed on the basis of the claims against the removing defendants Oxford and Capital Workshop. Section 1441(b) provides that, if federal jurisdiction is not based on a federal question, then an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Capital Workshop is a California corporation with its principal place of business in San Francisco. (Petition for Removal, ¶ 7.) All claims against Oxford also name Capital Workshop. Therefore, because federal jurisdiction of the claims against Oxford and Capital Workshop is based on diversity, removal may not be based on those claims. *See Thornton v. Allstate Ins. Co.*, 492 F. Supp. 645, 648 (E.D. Mich.1980); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3724, pp. 398–99 (2d ed. 1985).

The question remaining is whether, notwithstanding section 1441(b), Oxford and Capital Workshop should be permitted to remove on the basis of separate and independent claims that do not involve them. To state the question is to answer it.

■ The purpose of the removal statute is to protect a defendant's right to a federal forum for a claim that could have been brought in federal court. Section 1441(c) prevents a plaintiff from defeating a defendant's right to removal by joining a removable claim with a separate and independent claim that is not removable. This right belongs to the party to the removable claim; parties to a nonremovable claim have no right in need of protection. Therefore, to take advantage of section 1441(c), the removing party must be a party to the separate and independent claim upon which removal is based. Because Oxford and Capital Workshop are not parties to a claim on which removal may be based, removal was improper.

### B. *Doe Defendants*

The Ninth Circuit held in *Bryant v. Ford Motor Company* that the presence of Doe defendants destroys diversity jurisdiction. 844 F.2d 602, 605 (9th Cir.1987) (en banc), *cert. granted*, —— U.S. ——, 109 S.Ct. 54, 102 L.Ed.2d 32 (1988). While that decision was in effect it categorically barred removal of this case.

This holding was legislatively overruled by the Judicial Improvements and Access to Justice Act, which added the following sentence at the end of 28 U.S.C. section

---

**2.** It should be noted that section 1441(c) does not make removal discretionary. Only remand of issues not within the Court's original jurisdiction is discretionary.

1441(a): "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." Pub.L. No. 100–702, § 1016 (Nov. 19, 1988).

This provision became effective on November 19, 1988. On its face, it applies to pending actions. It is not reasonable to assume, however, that Congress meant to have the act restart the statutory 30–day period for removal under section 1446(b) in every pending case. That section provides that a case may be removed within 30 days after receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." A reasonable interpretation of that section would limit its effect to papers generated within the action, not extraneous papers such as a new statute.

■ A motion to remand poses a different problem. When this action was removed on October 17, 1988, the presence of Doe defendants meant that there was no subject matter jurisdiction. Under section 1441(a), as now amended, the presence of Doe defendants no longer defeats subject matter jurisdiction and hence affords no ground for remand.

### C. *Attorney Fees and Costs*

■ Under 28 U.S.C. section 1447(c), as amended effective November 19, 1988, when an action is remanded to state court, the Court may require payment of costs and expenses, including attorney fees, incurred by defendants as a result of the removal. In light of the lack of any colorable ground supporting removal, such an award is appropriate here.

### III. CONCLUSION

For the foregoing reasons, it is ordered that:

1. This action is remanded to San Francisco Superior Court;

2. Defendants Oxford Insurance Company and Capital Workshop Financial & Insurance Services shall pay to plaintiff $1710.00 for his costs and fees in bringing this motion to remand;

3. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the San Francisco Superior Court.

IT IS SO ORDERED.