Daniel PHILLIPS, Plaintiff,

v.

ALLSTATE INSURANCE CO., et al., Defendants.

No. CV 88–7436 HLH.

United States District Court, C.D. California.

Jan. 10, 1989.

Lon F. Hurwitz, Anaheim, Cal., for plaintiff.

Allen M. Katz, Munger, Tolles & Olson, Los Angeles, Cal., for defendants.

## ORDER REMANDING ACTION TO THE SUPERIOR COURT OF LOS ANGELES COUNTY

HUPP, District Judge.

### FACTUAL AND PROCEDURAL BACKGROUND

The recent passage of the Judicial Improvement and Access to Justice Act (hereafter the "Act") has raised a number of questions regarding the removal of pending state cases, on diversity grounds, in which fictitious defendants are named. This case is one of the first snowballs in what has become an avalanche of notices of removal, and its facts present two important procedural issues: (1) what is the effect of the Act upon the requirement of 28 U.S.C. § 1446(b) that a removal be filed within thirty days of service of the complaint or, if the action was not removable when first filed, within thirty days of receipt of a "pleading, motion, order, or other paper" from which it may first be determined that the action is removable; and (2) does the new one year limit on the removal of diversity cases, as specified in § 1016(b)(2)(B) of the Act (amended 28 U.S. C. § 1446(b)(2) (2d paragraph)), apply to cases pending on the effective date of the Act?

The complaint in this action was filed in Superior Court for the County of Los Angeles on February 18, 1986, and included various state law claims. The removing defendant, Allstate Insurance Company (hereafter "Allstate"), answered the Third Amended Complaint on August 7, 1987. In addition to Allstate, the plaintiff also named several "Doe" defendants, as is common practice under California law. *See* Cal.Code Civ.Proc. § 474. Prior to November 19, 1988, Allstate was unable to remove the matter to federal court due to the controlling doctrine of *Bryant v. Ford Motor Co.,* 844 F.2d 602 (9th Cir.1987), *cert. granted,* —— U.S. ——, 109 S.Ct. 54, 102 L.Ed.2d 32 (1988), *cert. vacated,* —— U.S. ——, 109 S.Ct. 542, 102 L.Ed.2d 572 (1988), and the law prior to *Bryant* which prevented removal if Does were properly joined. This was the case even though all of the named parties were diverse.

The effect of the presence of Doe defendants in diversity removals was legislatively modified by the Act, effective November 19, 1988. Section 1016 of the Act (amended 28 U.S.C. § 1441(a)) specifies that for the purpose of removal "the citizenship of the defendants sued under fictitious names shall be disregarded."

Asserting that the new provision applies to its case, Allstate filed its notice of removal on diversity grounds on December 16, 1988 (within thirty days of the effective date of the Act). An Order to Show Cause re Remand was sent to the removing defendant on December 22, 1989 and replied to on January 6, 1989. The court concludes that because the Act does not alter the time for proper removal pursuant to § 1446(b), and because the one year limit applies to cases pending on the effective date of the Act, the removal was improvident. The removal is both untimely and time barred; hence, this case is remanded to state court under 28 U.S.C. 1447(c) as amended by § 1016 of the Act.

### DISCUSSION

I. *The Timeliness of the Notice of Removal:*

■ As a general matter, courts strictly construe the removal statute against removal. *See e.g., Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062 (9th Cir.1979). This is especially so in diversity cases, since

concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created. *See, e.g., In Re La Providencia Development Corporation,* 406 F.2d 251 (1st Cir. 1969); *Richmond Fredricksburg & Potomac R.R. Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804 (D.Va.1981).

Section 1446(b) of the removal statute sets out a stringent time frame, which determines when an action may be removed:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of copy of the initial pleading setting forth the claim for relief upon which such action is based, or within thirty days after the service of the summons upon the defendant if the initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, *through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable ..."* See 28 U.S.C. § 1446(b) (emphasis added).

It is apparent that this case was not subject to removal when it was originally filed because *Bryant* and pre-*Bryant* law prevented removal by reason of the existence of fictitiously named defendants; thus, it is the second paragraph of § 1446(b) which controls the timeliness of the removal notice. This action may be providently removed only if § 1016(b)(2)(B) (amended § 1441(a)) of the Act itself qualifies as "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is or has become removable." [1] However, virtually every court which has considered the question of what suffices as a removal triggering "paper" has concluded that the term does not include intervening statutory or case law changes.[2]

This precise point was recently considered in *Ehrlich v. The Oxford Insurance Company,* 700 F.Supp. 495 (N.D.Cal. 1988) (Schwarzer, J.). The court in *Ehrlich* stated that the Act did not fit the definition of a "paper" as the term is used in § 1446(b), noting that:

> It is not reasonable to assume, however, that Congress meant to restart the statutory 30–day period for removal under § 1446(b) in every pending case.... A reasonable interpretation of that section would limit its effect to papers generated within the action, not extraneous papers such as a new statute.

---

**1.** When a removal action is not timely, as defined by § 1446(b), a district court is to remand the case under 28 U.S.C. § 1447(c) as having been improvidently brought. *See eg. Schmitt v. Insurance Co. of North America,* 845 F.2d 1546 (9th Cir.1988).

**2.** Contrary to the assertions of Allstate, there are not two lines of authority in this area; rather, there is one in which there is a single contrary holding. The decision by the court for the Eastern District of Michigan in *Smith v. Burroughs Corp.,* 670 F.Supp. 740 (E.D.Mich.1987) seems to stand alone in its conclusion that a removal is timely if filed within 30 days of a court decision which first renders the action removable.

In reaching that decision, the court seems to have relied on *Warren Bros. Co. v. Community Building.,* 386 F.Supp. 656 (D.N.C.1974). *See Smith, supra,* at 741. However, the relevant portion of the *Warren Bros.* opinion appears to have held that the dismissal of a named diverse party who is a citizen of the forum, thus previously blocking removal under 28 U.S.C. § 1441(b), must be voluntary in order to trigger the thirty day window for removal. *See Warren Bros., supra,* at 660. It did not deal with the effect of a statutory or case law change expanding the scope of removal jurisdiction. The opinion in *Smith* seems to have relied upon language in *Warren Bros.* to the effect that § 1446(b) applies in any action not originally removable. However, that observation was intended only to point out that the section allowed removal upon any relevant change within a case, whether that was a "subsequent acquisition of diversity of citizenship, increase in the amount in controversy to the federal jurisdictional amount, appearance of a federal question, or ... the dismissal of a resident defendant...." *See Warren Bros., supra,* at 660. In any event, this court declines to follow the reasoning of *Smith.*

The point noted by Judge Schwarzer in *Ehrlich* is well supported by prior case law. In *Martropico Compania Naviera S.A., v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina)*, 428 F.Supp. 1035 (S.D.N.Y.1977), the court considered the effect of Congressional expansions of removal jurisdiction upon pending cases. The facts of *Martropico* were quite similar to those in the case at hand. In the Foreign Sovereign Immunities Act of 1976, Congress had expanded the privilege of foreign states to remove suits against them to federal court. The district court in *Martropico* specifically rejected the defendant's claims that a congressional enactment qualified as a "paper" under § 1446(b) so that it commenced the thirty day period in which to remove. *Martropico, supra*, at 1037–38.

A number of other cases have dealt with the similar and more frequently raised issue of the effect of modifications of prior case law on the timeliness of removal actions. Almost without exception, they have held that the paper required in § 1446(b) must be a part of the underlying suit rather than an outside development in removal jurisdiction. *See, e.g., Avco Corporation v. Local 1010 of the International Union (UAW AFL–CIO)*, 287 F.Supp. 132 (D.Conn.1968) (Supreme Court holding making LMRA preempted cases removable was not "other paper"); *Johnson v. Trans World Airlines, Inc.*, 660 F.Supp. 914 (C.D. Cal.1987) (Supreme Court decision allowing removal of ERISA preempted cases was not "other paper"); *Johansen v. Employee Benefit Claims, Inc.*, 668 F.Supp. 1294 (D.Minn.1987) (ERISA removal, citing numerous cases holding that "other paper" does not include any document besides those that are part of case); *Holiday v. Travelers Insurance Company*, 666 F.Supp. 1286 (W.D.Ark.1987) (ERISA removal, holding paper must be part of un-derlying suit); *Growth Realty Companies v. Burnac Mortgage Investors*, 474 F.Supp. 991 (D.P.R.1979) (paper filed in separate suit does not invoke provisions of § 1446(b)).

Had Congress intended the Act to start the removal clock of § 1446(b) running, it could have so specified in the statute. *See Martropico, supra*, at 1038. Indeed, in other extensions of removal jurisdiction, Congress has specifically included provisions to allow timely removal of pending cases. *Id.* at 1038 (Congress amended 28 U.S.C. § 1441(d) to allow the § 1446(b) limitations period to be extended for cause shown where removal is made pursuant to Immunities Act). The fact that Congress chose not to do so in the case of the Judicial Improvement and Access to Justice Act manifests its intent not to make an exception to the requirements of § 1446(b).

## II. *Retroactivity of § 1016(b)(2)(B):*

■ In § 1016(b)(2)(B) (amended § 1446(b) (2d paragraph)) of the Act, Congress specified that "a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity] of this title more than one year after the commencement of the action." Under California law, an action commences as of the date it was filed. *See* Cal.Code Civ.Proc. § 350. Since this case was filed over a year prior to removal, the time limit would provide an additional impediment to removal in this case if it is to be applied to pending cases.

Under the usual rule of statutory construction, procedural changes have retroactive effect unless Congress specifically intends otherwise. *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037 (9th Cir.1985) (because new statutory limitations period merely apply to remedies and procedures, it will govern pending cases).[3] Only when "manifest

---

**3.** Allstate cites *In re Reilly*, 442 F.2d 26, 28 (7th Cir.), *cert. denied*, 404 U.S. 854, 92 S.Ct. 96, 30 L.Ed.2d 95 (1971) for the proposition that substantial changes in procedural law may be given prospective effect only. That case, however, presented a markedly different factual situation. The plaintiff in *Reilly* had been discharged from his position as a railway brakeman. He had challenged his dismissal before the National Railroad Adjustment Board; however, on June 6, 1955, the Board rejected his application for relief. At that time, no judicial review was available, and the Board's decision was final.

Effective June 20, 1966, Congress amended the Railway Labor Act to allow review of decisions such as the one made by the Board in Mr.

injustice would result or there is a statutory directive or legislative history to the contrary" will this presumption be overcome. *See California Cartage Co. v. United States*, 802 F.2d 353 (9th Cir.1986).

In *Friel*, the Ninth Circuit explained that, unlike the case of substantive changes, a procedural alteration cannot cause "the assigning of a quality or effect to acts or conduct which they did not have or did not contemplate when they were performed." *Friel, supra*, at 1039 (quoting *Union Pacific R.R. Co. v. Laramie Stock Yards*, 231 U.S. 190, 34 S.Ct. 101, 58 L.Ed. 179 (1913)). There is no risk that application of the procedural one year limit in the case at hand will alter the effects of the defendant's prior actions, or expand its liability beyond the limit foreseeable under prior law.[4] Likewise, Allstate will not lose any defense it might raise in the underlying suit, and no benefit or property right which vested in the past will be taken away.

Most importantly, in amending § 1446(b), Congress appears to have expressed the opinion that a diversity case which has been before a state court for more than one year should stay there. *See Friel, supra*, at 1038 (Congress' intent in modifying law controls extent to which change will be given retrospective effect). This is so because substantial progress is likely to have been made in that forum, and it makes little sense to have a new court take over the action so late in the judicial process. *See* S.Res. 1482, 100th Cong. 2d Sess., Cong.Rec. at 16308 (October 14, 1988) ("Subsection (b)(2) amends 28 U.S.C. 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court.").

The procedural posture of this case provides ample support for Congress' concern about late removal of diversity cases, and underscores the wisdom of the solution it created in § 1446(b). The state court has been presiding over the case for three years. During that time, various critical motions have been brought and important issues resolved. For example, four separate demurrers have been brought by the defendant and considered by the state court. The status and trial setting conference has already been held, and the California Superior Court has ordered that this matter be arbitrated. With all of that state court background, it would be a great waste of judicial resources to have this court displace the Los Angeles County Superior Court.

While it may seem unjust to the defendant that the one year limit blocks removal when it was impossible to remove prior to

---

Reilly's case. The amended provision allowed judicial consideration of holdings by the Board within two years of the date on which the action accrued. On June 18, 1968, Reilly filed his petition for review.

Under these facts, the court held that to apply the new review procedures retroactively to a decision reached thirteen years earlier would result in a change of the legal effects of past events. *See Reilly, supra,* at 28. In making that determination, the Seventh Circuit relied on the California case of *Aetna Casualty and Surety Company v. Industrial Accident Commission,* 30 Cal.2d 388, 182 P.2d 159 (1947). Indeed, that state case had already been interpreted by the Ninth Circuit as standing for the proposition that "amendments substantive in their effect and operation would not be given a retroactive effect." *See Koster v. Warren,* 297 F.2d 418 (9th Cir.1961) (declining to retroactively apply change in statute requiring a defendant in a stockholders derivative action to post bond since district court had entered order on motion prior to effective date of amendment).

Such a conclusion, of course, is directly in line with *Friel, supra,* and does not advance the defendant's position. As noted below, the application of the one year limit in this case would not work any substantive change. Unlike *Reilly* and *Koster,* the instant case does not deal with an attempt to overturn orders already decided under prior law.

4. Allstate argues that it had relied on its ability to remove the case to federal court at some future date. However, it is somewhat unclear as to what Allstate would have done differently had it known that it would have to pursue the case to final judgment in state court. Furthermore, this court doubts that that the defendant could have been so certain that it would be able to remove the action at some future date under the holding in *Bryant.* The plaintiff may very well have named a non-diverse defendant prior to the time that all of the Does were eliminated from the action.

the passage of the Act, it is no more unfair than other applications of that provision. For instance, under the new rules, a complaint may be filed against multiple defendants, only one of which is non-diverse, thus preventing removal. If that party is dismissed more than one year after the action was filed, the other defendants may not remove by reason of the amended § 1441(b). Just as is the case here, the defendant is blocked from removing the case even though he was not able to do so during the one year period.[5]

## CONCLUSION

The notice of removal filed by Allstate suffers from two fatal defects. First, it was not timely filed under the requirements of § 1446(b). Second, the new one year limit on diversity removals applies to this action, thus blocking removal jurisdiction in this case which was commenced three years ago. Accordingly, the matter is remanded to the Superior Court of Los Angeles County under 28 U.S.C. § 1447(c) as having been removed improvidently.

IT IS SO ORDERED.

---

**5.** The removing party argues that it is a "manifest injustice" not to allow removal now, and implies that some substantive right has been extinguished. In the first place, the "right" to remove is only what Congress provides; there is nothing substantive about it. Secondly, the so-called "right" is only an expectancy contingent on the plaintiff dismissing the Does, and depends on the statute then in effect. There is no "manifest injustice" in curbing the "expectancy" of removal.