**Milton R. RIGHETTI and Gloria Righetti, Plaintiffs,**

v.

**SHELL OIL COMPANY and Does 1 through 10, inclusive, Defendants.**

**No. C–88–4982 MHP (ARB).**

United States District Court, N.D. California.

March 29, 1989.

As Amended May 24, 1989.

Matthew Righetti, Oakland, Cal., for plaintiffs.

David O. Larson, Michael K. Johnson, Moore, Clifford, Wolfe, Larson & Trutner, Oakland, Cal., for defendants.

## MEMORANDUM AND ORDER

PATEL, District Judge.

Plaintiffs brought this action seeking to recover possession of real property leased to the named defendant, Shell Oil Company. The case is now before the court on plaintiffs' motion for an order granting leave to amend pursuant to Federal Rule of Civil Procedure 15(a). Having considered the arguments and submissions of the parties, for the following reasons, the court grants the motion and, subject matter jurisdiction thereby being defeated, remands the matter to Alameda County Superior Court.

## BACKGROUND

This is an ejectment action. Plaintiffs seek to recover possession of real property located at 2724 Castro Valley Boulevard in Castro Valley, California. Defendant Shell Oil has been in possession of that property since December 1959, pursuant to a lease agreement with plaintiffs attached as Exhibit A to the complaint.

The subject property is used as a gas station. Plaintiffs allege that Shell Oil breached the lease agreement in January 1986 by illegally installing underground storage tanks for waste oil and by placing hazardous substances on the property.

Plaintiffs filed this action in Alameda County Superior Court on November 16, 1988. The complaint named Shell Oil and Does 1 through 10, inclusive. On December 16, 1988, Shell Oil removed the action to federal court.

Plaintiffs now seek an order granting leave to amend the complaint to substitute Glenn Bonora for a previously fictitiously named defendant. Mr. Bonora, a citizen and resident of Alameda County, operates a Shell service station on the subject property.

## DISCUSSION

■ When evaluating a petition for removal the basis of which is a federal question, "the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). In this case, no federal question appears on the face of plaintiffs' complaint. Furthermore, defendant's own petition for removal relies on diversity jurisdiction, pursuant to

28 U.S.C. § 1332. Therefore, the court finds that the jurisdictional basis for removal of this case is diversity of citizenship.

■ Were *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1987) (en banc), *cert. granted,* —— U.S. ——, 109 S.Ct. 54, 102 L.Ed.2d 32 (1988), *cert. vacated,* —— U.S. ——, 109 S.Ct. 542, 102 L.Ed.2d 572 (1988), the only authority, the matter before the court would be summarily disposed of and remanded to the appropriate state court. In *Bryant,* the Ninth Circuit established what appeared to be a bright-line test: "the *presence* of Doe defendants under California Doe defendant law destroys diversity [against such Doe defendants] and, thus, precludes removal." 844 F.2d at 605 (emphasis added). Accordingly, under *Bryant,* the initial removal of the action by Shell Oil would have been improper, even though all of the named parties were diverse.

However, the effect of the presence of Doe defendants in diversity removals was modified by the Judicial Improvements and Access to Justice Act ("Act"), effective November 19, 1988. Pub.L. No. 100–702, 102 Stat. 4642 (1988). The Act contains in ten titles a variety of provisions aimed at improving the administration of justice. One of the areas of major concern was the rising caseload in the federal courts. *See* H.R.Rep. No. 889, 100th Cong., 2d Sess. 23–24, *reprinted in* 1988 U.S.Code Cong. & Admin.News 5982, 5983–84. At least as a partial solution, the Act made various changes to reduce the number of diversity cases that would be handled in federal court. *See e.g.,* Sections 201 (codified, as amended, at 28 U.S.C. § 1332) (increase of required amount in controversy to establish diversity jurisdiction) and 202 (codified, as amended, at 28 U.S.C. § 1332(c)) (change in definitions of citizenship of legal representatives and certain corporations).[1]

Section 1016 of the Act (codified, as amended, at 28 U.S.C. § 1441(a)) specifies that for the purpose of removal "the citizenship of the defendants sued under fictitious names shall be disregarded." Section 1441(a) now requires that district courts ignore the citizenship of Doe defendants when evaluating petitions for removal. Accordingly, "[a]s long as diversity of citizenship exists among known, named parties, and other diversity requirements are met, removal is proper." *See Cowan v. Central Reserve Life of N. Am. Ins. Co.,* 703 F.Supp. 64, 65 (D.Nev.1989).

In the instant action, neither party cites *Bryant* or amended section 1441(a) as controlling this litigation. The court finds that, although the action was pending prior to the amendment's November 19, 1988 effective date, "[o]n its face, [section 1441(a)] applies to pending actions." *Ehrlich v. Oxford Ins. Co.,* 700 F.Supp. 495, 498 (N.D.Cal.1988). Under section 1441(a), the presence of fictitiously named Doe defendants, standing alone, no longer defeats subject matter jurisdiction and hence affords no ground for remand. Therefore, the initial removal of the instant action was proper based on diversity of citizenship, despite the presence of Doe defendants.

■ Notwithstanding section 1441(a), however, the court *may* in its discretion permit post-removal amendment to the complaint even though it would destroy diversity and result in remand to state court. Pub.L. No. 100–702, § 1016(c)(2), 102 Stat. 4642, 4670, (to be codified at 28 U.S.C. § 1447(e)). This provision is entirely new: it provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Pub.L. No. 100–702, § 1016(c)(2), 102 Stat. 4642, 4670. It is clear from the amendment's legislative history that section 1447(e) is permissive, and grants the court broad discretion to allow amendment even where remand may result. Indeed, the express purpose of the provision, as the Section-by-Section Analy-

---

1. Initially, Congress considered total elimination of diversity jurisdiction. This proposal was abandoned in favor of an approach which raised the jurisdictional amount in controversy.

*See* H.R.Rep. No. 889, 100 Cong., 2d Sess. 25, *reprinted in* 1988 U.S.Code Cong. & Admin. News 5985–86.

sis contained in H.R.Rep. No. 889, 100th Cong., 2d Sess. 72–73, *reprinted in* 1988 U.S.Code Cong. & Admin.News 6033, points out, is that the added section

> takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity–destroying defendant after removal. Joinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder. The flexibility built into the framework of rule 19(b) fully supports this approach. This provision also helps to identify the consequences that may follow removal of a case with unidentified fictitious defendants.

Whether section 1447(e) was intended to apply retroactively is not clarified by the legislative history. However, under the usual rule of statutory construction, procedural changes have retroactive effect unless Congress specifically intends otherwise. *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir.1985) (because new statutory limitations period applied to remedies and procedures, it governs pending cases). Only when "manifest injustice would result or there is a statutory directive or legislative history to the contrary" will this presumption of retroactive application be overcome. *See California Cartage Co. v. United States*, 802 F.2d 353, 357 (9th Cir.1986).

In *Friel*, the Ninth Circuit explained that, unlike the case of substantive changes, a procedural alteration cannot cause "the assigning of a quality or effect to acts or conduct which they did not contemplate when they were performed."

*Friel*, 751 F.2d at 1039 (quoting *Union Pacific R.R. Co. v. Laramie Stock Yards*, 231 U.S. 190, 34 S.Ct. 101, 58 L.Ed. 179 (1913)). There is no risk that application of this procedural remand provision in the case at hand will alter the effects of the defendant's prior actions, or expand its liability beyond the limit foreseeable under prior law.[2] Likewise, Shell Oil will not lose any defense it might raise in the underlying suit, and no benefit or property right which vested in the past will be taken away.[3] Therefore, on these facts, the court finds that section 1447(e) is applicable to the instant action.

■ Applying section 1447(e), the court concludes, in the interest of justice, that leave to amend should be granted. First, the court notes that the instant action was removed shortly after it was filed in state court. No proceedings had occurred there. Thus, Congress' concerns about late amendments which destroy diversity with the intent of delaying proceedings are not implicated here.

Second, the court finds that plaintiffs can state a facially legitimate claim against Bonora. Under California law, which is controlling in this instance, an action for ejectment must be brought against the person who is occupying the premises in question *at the time of the commencement* of the action. *Carleton v. Townsend*, 28 Cal. 219, 224 (1865) (emphasis supplied). If Mr. Bonora was in possession of the subject property at the time the instant action arose, a fact which is not in dispute, then he is a proper party to the action. Alternatively, if several parties are in possession at the time of the commencement of the action, it

---

**2.** Since Shell Oil failed to address the applicability of amended section 1447(e), it makes no claim of prejudice under this new rule. In fact, defendant makes no assertion as to what it might have done differently had it known that it would have to pursue the case to final judgment in state court.

**3.** Shell Oil's assertion that it is "fundamentally unfair" to allow plaintiffs to join a non-diverse defendant so as to force a remand implies that some substantive right has been extinguished. However, the court concludes that there is nothing "fundamentally unfair" about forcing a remand at this stage of the litigation. The defen-

dant possesses no substantive "right" of removal. *See Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466, 1471 n. 5 (E.D.Cal.1989) (no 'manifest injustice' occurs in allowing remand since no substantive right has been extinguished). Rather, Shell Oil's so-called "right" to remove the action is predicated only upon what Congress provides expressly. *Id.* The "right" of removal is merely an expectancy contingent on plaintiffs' failure to add non-diverse defendants, and depends on the statute then in effect. *Id.* It is not "fundamentally unfair" for the court to curb the "expectancy" of removal, pursuant to a federal statute.

is well settled under California law that all of them should be made defendants. *See Hicks v. Davis,* 4 Cal. 67, 69 (1854).

Defendants urge that joinder of a non-diverse party in this instance is governed by an analysis under Rules 19 and 20 of the Federal Rules of Civil Procedure. Thus, defendants assert, the court must find that Mr. Bonora is a necessary party as required by Rule 19. Alternatively, defendants contend that the court is required, under Rule 20, to find that the claims asserted against Bonora are both "transactionally related" and contain a question of law or fact common to those claims asserted against Shell Oil.

The court finds that neither the language of section 1447(e) nor its accompanying policy statements suggest that Rules 19 and 20 control the court's decision to deny joinder, or to permit joinder and remand. As is clear from the permissive language of section 1447(e), Congress gave the courts broad discretion to allow joinder, even though remand may result. Such discretion is inconsistent with the more restrictive approach under Rule 19. Congress could have referred to that type of approach, for it is clear from the legislative history that Congress was cognizant of Rule 19 at the time section 1447(e) was added. It chose not to do so.

In addition, the legislative history of the statute clearly states that joinder coupled with remand may be more attractive than either denial of joinder *or* dismissal under Federal Rule of Civil Procedure 19(b). H.R.Rep. No. 889, 100th Cong., 2d Sess. 72–73, *reprinted in* 1988 U.S.Code Cong. & Admin.News 6033. The fact that Congress described section 1447(e) as an alternative to dismissal under Rule 19 indicates that Congress did not intend that joinder and remand under that statute be governed by a Rule 19 analysis.

Nor does the court find that section 1447(e) requires an inquiry into the plaintiffs' motive for adding a non-diverse defendant. Defendant contends that the court ought not to allow plaintiffs to add Mr. Bonora, arguing that plaintiffs' sole purpose in bringing the instant motion is to effect a remand. However, the court finds that the legislative history of section 1447(e) forecloses defendant's argument, since the express purpose of the section is to "take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted in* 1988 U.S.Code Cong. & Admin.News 6033 (emphasis added).

CONCLUSION

Where, as here, a facially bona fide claim against a non-diverse defendant is stated, amendment is sought early in the litigation and does not appear to be for a dilatory purpose, and no prejudice to the named defendant exists, the court should exercise its discretion in favor of leave to amend, and permit plaintiffs to join the non-diverse party. This approach is consistent with Congress' concern for the administration of justice by reducing the number of diversity-of-citizenship cases to be handled in federal court and the express purposes of section 1447(e), as well as the liberal policy favoring amendment under Federal Rule of Civil Procedure 15. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

For the foregoing reasons, plaintiffs' motion to amend the complaint to add Glenn Bonora is granted. Federal subject matter jurisdiction thereby being eliminated, the matter is remanded to the Superior Court of Alameda County, pursuant to 28 U.S.C. § 1447(e).

IT IS SO ORDERED.