**HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff,**

v.

**DALGARNO TRANSPORTATION, INC., Defendant.**

**Civ. A. No. J85–0459(B).**

United States District Court, S.D. Mississippi, Jackson Division.

Oct. 9, 1985.

Joe H. Daniel, Daniel, Coker, Horton & Bell, Jackson, Miss., for plaintiff.

Peter W. Cleveland, Columbus, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss on the grounds of improper venue, or in the alternative, for change of venue pursuant to the provisions of 28 U.S.C. Section 1404(a) or 28 U.S.C. Section 1406(a).

Plaintiff, Hartford Accident & Indemnity Company ("Hartford") is a Connecticut corporation qualified to do and doing business in Mississippi. Dalgarno Transportation, Inc. ("Dalgarno") is a Wyoming corporation with its principal place of business in Aberdeen, Mississippi. Hartford is suing Dalgarno for sums allegedly due pursuant to the retrospective premium adjustment provisions of various policies of insurance. Jurisdiction is based upon diversity. Mississippi has two United States District Courts, one for the Northern District and the other for the Southern District. The certificate of authority issued by the State of Mississippi to Dalgarno authorizes Dalgarno to transact business throughout the entire state, but Dalgarno has limited its operations in Mississippi to the business which it conducts in the Northern District of the state. Dalgarno does not do business in the Southern District of Mississippi and has never done business in this District. The question which is thus before this Court is whether venue is proper in the Southern District pursuant to 28 U.S.C. § 1391(c) solely by reason of the fact that Dalgarno is licensed to transact business in the entire state.

28 U.S.C. § 1391(c) states as follows: A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

There is substantial disagreement among the authorities concerning the construction of Section 1391(c) in circumstances analogous to those herein. *See* 15 Wright & Miller & Cooper, *Federal Practice and Procedure*, § 3811, p. 63–64 (1976) and cases cited therein.

While this precise issue does not appear to have been addressed in this Circuit, this Court is persuaded that the decision in *Davis v. Hill Engineering, Inc.*, 549 F.2d 314 (5th Cir.1977) is controlling. In *Davis*, the court construed the provision of Section 1391(c) allowing suit to be brought against a corporation "in any judicial district in which it is incorporated" to allow suit in any judicial district of a multi-district state, regardless of whether the defendant was actually doing business in the district where suit was brought. In reaching this conclusion, the court noted that the defendant's emphasis on the fact that it engaged in no business in the district where suit was brought was misplaced, since the statute makes any one of the three activities, incorporation, licensing or doing business, a sufficient basis for venue. *Id.* at 323. To engraft a "doing business" requirement on the incorporation and/or licensing provisions of Section 1391(c) would, in essence, write these provisions out of the statute, thereby making "doing business" the sole basis for venue over a corporate defendant.

This Court therefore concludes that venue is proper in every district of a state in which a defendant corporation is licensed to do business, irrespective of whether it is actually doing business in every district. Since the Defendant in this case is licensed to do business in the entire state of Mississippi, venue is proper in this district pursuant to the terms of 28 U.S.C. Section 1391(c). Defendant's Motion to Dismiss on the basis of improper venue is, therefore, denied.

Defendant has also moved, in the alternative, for transfer of this action to the Northern District of Mississippi. The criteria which must be met for transferring this action are found in 28 U.S.C. § 1404(a):

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The initial requirement that venue must be proper in the transfer forum is met in the instant case, since Dalgarno is both licensed to do business and doing business in the Northern District of Mississippi.

■ The Defendant, when it is the moving party, also has the burden of establishing why there should be a change of forum, *see Southeastern Equipment Company v. Union Camp Corp.*, 498 F.Supp. 164, 165 (S.D.Ga.1980), and Dalgarno has failed to meet this burden. In support of its Motion to Transfer, Dalgarno has stated in conclusory terms that it should not be put to the hardship of having to litigate in this forum. The only factual matter alleged in support of its motion is that all of the general corporate records governing the business of Dalgarno are maintained in its offices in Aberdeen, Mississippi. While the location of books and records is a factor to be considered in determining proper forum, general allegations that transfer is needed because of such books and records are not enough. *See* 15 Wright & Miller & Cooper, *supra* at § 3853, p. 277–78. Defendant has therefore failed to make any showing which would enable this Court to conclude that it should disregard the Plaintiff's choice of forum. In the absence of such showing, the Motion for Transfer must be denied.