Khalil–Ullah AL–MUHAYMIN, et al.,
Plaintiffs–Appellants,

v.

Charlie JONES, et al.,
Defendants–Appellees.

No. 88–5547.

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 17, 1990.

Decided Feb. 15, 1990.

Khalil–Ullah Al–Muhaymin, Henning, Tenn., pro se.

Prince Shidil Rafiki Fadil, Pikeville, Tenn., pro se.

Charles W. Burson, Atty. Gen., Michael L. Parsons, Asst. Atty. Gen., Office of the Atty. Gen. of Tennessee, Nashville, Tenn., for defendants-appellees.

Before KENNEDY and GUY, Circuit Judges, and LIVELY, Senior Circuit Judge.

PER CURIAM.

Plaintiffs appeal from the dismissal of their 42 U.S.C. § 1983 actions. The case was dismissed in the district court due to "improper venue." Upon review, we conclude the district court was in error and reverse.

Plaintiffs are inmates in the custody of the Tennessee Department of Corrections. At the time of the filing of the complaint, they were incarcerated in different correctional facilities, one being in Morgan County, Tennessee, and the other in Bledsoe County, Tennessee. Fourteen persons were named as defendants. Thirteen of the defendants are to be found in Morgan County, and the fourteenth, by virtue of his office, is in Nashville, Tennessee, which is in the Middle District.

■ The district court entered a brief *sua sponte* order dismissing this case, which stated:

Plaintiffs complain of events which took place in Morgan County, Tennessee. Venue is in the judicial district where either all defendants reside or where the claim arose. 28 U.S.C. § 1391(b). The defendants in this action presumably reside in different judicial districts. However, the claims presented arose in Morgan County, which is within the Eastern District of Tennessee. Consequently, proper venue lies in the Eastern District of Tennessee. Dismissal of the action for improper venue would be appropriate, 28 U.S.C. § 1406(a), and is so ordered.

Title 28 U.S.C. § 1391(b), relied upon by the court, reads:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Although the language of section 1391(b) would appear to be applicable, it must be read in conjunction with section 1392(a), which provides an exception when there are multiple defendants residing within the same state but in different districts. Section 1392(a) reads:

(a) Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts.

Since it is clear that a civil rights action such as is involved here is "not of a local nature," the provision of section 1392(a) controls. In a remarkably similar situation involving a *sua sponte* dismissal of prisoner litigation, the Third Circuit concluded:

On appeal, the court's attention has been drawn to the possible applicability of 28 U.S.C. § 1392(a), dealing with venue in multi-district states. Where, as here, all defendants reside within the state but in different districts, § 1392(a) permits venue in any district where one or more defendants reside. *Mothers and Childrens Rights Organization, Inc. v. Stanton,* 371 F.Supp. 298 (N.D.Ind.1973).

For those states containing more than one district, subsection (a) of § 1392

makes an exception to § 1391 to provide for the situation where there are multiple defendants, in a transitory civil action, who reside in different districts of the same state. In such case plaintiff has a choice of venue of any one district of the state where any of the defendants reside.

1 J. Moore, Federal Practice [Para.] 0.143[1] at 1452. Since some of the present defendants reside in the Middle District of Pennsylvania, we must conclude that the district court erred as a matter of law in determining that venue was improper in the Middle District.

*Sinwell v. Shapp*, 536 F.2d 15, 17–18 (3d Cir.1976) (footnotes omitted).

 In reversing, we also note that 28 U.S.C. § 1406(b) provides that:

(b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

Unlike jurisdictional defects, venue objections can be waived.

In multiple defendant cases, the court can deal with the issue of the most convenient place to try the lawsuit, if that is a problem, by utilizing the provisions of 28 U.S.C. § 1404(a) which provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

REVERSED and REMANDED.