902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cedric Devon LOWE, Plaintiff-Appellant,
v.
Judge Mile HUFFSTUTLER; Judge William Cole; Pam Costa;
J.B. Thornton; Q.E. Thomas; John and Jane
Doe(s), Defendants-Appellees.
 No. 89-5996.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1990.
 
 1
 Before KENNEDY and RYAN, Circuit Judges, and JULIAN A. COOK, Chief District Judge.*
 
 ORDER
 
 2
 Cedric Devon Lowe is a pro se prisoner who appeals the district court's sua sponte dismissal of his complaint under 28 U.S.C. Sec. 1915(d). Lowe's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The gravamen of Lowe's complaint concerns the validity of an Alabama state detainer that was lodged against him while he was incarcerated as a federal prisoner in Tennessee. This detainer apparently prevented Lowe's release to a half-way house. The defendants include the Alabama police officer who arrested Lowe on the charges that led to his detainer; the two Alabama state judges who presided over his case; and an Alabama county records clerk who allegedly denied Lowe's request for copies of the transcripts from his trial. Lowe also sued the records clerk at the federal institution in Memphis where he is now incarcerated because she placed the Alabama detainer in his file. He sought damages as well as declaratory and injunctive relief from these defendants based on diversity and an alleged conspiracy in violation of his constitutional rights.
 
 
 4
 The defendants were not required to file an answer. Instead, the district court entered a memorandum order and judgment that dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). It is from this judgment that Lowe now appeals.
 
 
 5
 A complaint is not automatically frivolous under Sec. 1915(d) solely because it fails to state a valid claim for relief. Neitzke v. Williams, 109 S.Ct. 1827, 1834 (1989). Under Neitzke, a complaint may be dismissed as frivolous before the filing of responsive pleadings only when "it lacks an arguable basis either in law or fact." Id. at 1831. Thus, a complaint may be dismissed under Sec. 1915(d) if it relies on a legal interest which clearly does not exist or on a factual scenario that is fantastic or delusional. Id. at 1833. However, an indigent plaintiff who states an arguable claim is entitled to service of process even when it appears that he ultimately may not be entitled to relief. Id. at 1833-34.
 
 
 6
 The district court's concerns over personal jurisdiction and venue are not sufficient to support a dismissal under this liberal standard because both of these defenses would be waived if they were not raised by the defendants in their responsive pleadings or in a separate motion. See Fed.R.Civ.P. 12(h); cf. Al-Muhaymin v. Jones, 895 F.2d 1147, 1149 (6th Cir.1990); Rauch v. Day and Night Mfg. Corp., 576 F.2d 697, 700-01 (6th Cir.1978).
 
 
 7
 However, dismissal of Lowe's diversity claims was proper for lack of subject matter jurisdiction because the complaint clearly indicates that both he and the federal records clerk were citizens of Tennessee. Subject matter jurisdiction in a diversity case "attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." SHR Ltd. Partnership v. Braun, 888 F.2d 455, 456 (6th Cir.1989). The lack of subject matter jurisdiction cannot be cured by waiver. Williams v. Life Savings and Loan, 802 F.2d 1200, 1202 (10th Cir.1986). Thus, a sua sponte dismissal of Lowe's diversity claims was appropriate even under the standard that was announced in Neitzke.
 
 
 8
 The district court's dismissal of Lowe's civil rights claim was also appropriate. First, the court correctly held that the federal records clerk had not violated any of Lowe's constitutional rights by placing a copy of the detainer in his file because Lowe does not have a constitutionally protected interest in his transfer to the half-way house. Cf. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 11 (1979). Second, Lowe was not entitled to collect money damages from any of the Alabama defendants because he failed to allege that they were being sued personally rather than in their official capacities as state employees. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2312 (1989); Wells v. Brown, 891 F.2d 591, 592-94 (6th Cir.1989). Third, Lowe's claims for injunctive and declaratory relief were properly dismissed because they pertain to the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984). When a prisoner seeks release from confinement his sole remedy is a writ of habeas corpus. Id. Finally, it is noted that the state and federal courts in Alabama are the proper forum for any habeas petition that Lowe may bring to challenge his Alabama sentence or detainer. Cf. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-94 (1973).
 
 
 9
 For these reasons, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation