RESOLUTION TRUST CORPORATION, As Receiver for Unifirst Bank for Savings, A Federal Savings and Loan Association, Jackson, Mississippi, Plaintiff,

v.

CUMBERLAND DEVELOPMENT CORPORATION OF MISSISSIPPI, INC., Heritage Village, A Joint Venture, Mark Herrington, Chris A. Provias, Frankie J. Provias, George A. Provias, Teresa A. Provias, Chris A. Valsamakis, and Sharon W. Valsamakis, Defendants.

Civ. A. No. J90–0253(W).

United States District Court, S.D. Mississippi, Jackson Division.

Oct. 23, 1990.

Paul Stephenson, Watkins & Eager, Jackson, Miss., for plaintiff.

Craig Geno, Holcomb Dunbar, Connell, Chaffin & Willard, Jackson, for defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is a question of venue raised by defendants who have been sued pursuant to 12 U.S.C. § 1441a(b)(1).[1] Championing section 1391(b) of 28 U.S.C.,[2] the defendants argue that venue is proper only in the Eastern Division of the Northern District of Mississippi where allegedly the claim arose. Plaintiff disagrees, contending that the claim arose in the Jackson Division of the Southern District of Mississippi, and, thus, is properly here under § 1391(b), and, moreover, that pursuant to § 1392(a), 28 U.S.C.,[3] venue is proper in the Southern District of Mississippi because one of the defendants resides in this district.

Defendants alternatively argue that even if venue is proper in the Southern District of Mississippi, Jackson Division, that this case should be transferred to the Eastern Division of the Northern District of Mississippi because it is the most convenient forum pursuant to 28 U.S.C. § 1404(a).[4] Plaintiff also disagrees with this assertion.

The lawsuit here concerns two promissory notes negotiated between the defendants and Unifirst Bank for Savings. Cumberland Development Corporation of Mississippi, Inc., (hereinafter Cumberland) executed its note in 1986 in Nashville, Tennessee. In 1990, Cumberland filed for bankruptcy under Chapter 7 of the Bankruptcy Code. Defendant Heritage Village, a joint venture, executed its note in 1985, also in Nashville, Tennessee. Mark Herrington, one of the individual defendants, avers in his affidavit that Teresa A. Provias and Frankie J. Provias signed the Cumberland note and Heritage note in Aberdeen, Mississippi, and that all the other defendants signed the notes in Nashville, Tennessee. Herrington and the other defendants also claim that virtually all negotiations leading up to the execution of the notes took place in Aberdeen. Further, says the defendants, the real estate developments underlying both the Heritage note and the Cumberland note were managed, overseen, and directed from the headquarters of the operations located in Aberdeen, Mississippi. Resolution Trust disputes certain of these assertions, namely, that the notes were negotiated outside of Jackson, Mississippi. However, all parties agree that the lender, Unifirst Bank for Savings, was at all times pertinent located in Jackson, Mississippi. As receiver for Unifirst Bank for Savings, Resolution Trust is now attempting to collect on the notes and has filed this lawsuit.

All of the individual defendants, except one, Mark H. Herrington, live in the Northern District of Mississippi, Eastern Divi-

---

1. Section 1441a(b)(1), 12 U.S.C., provides:

 (b) Resolution Trust Corporation established
 (1) Establishment
 (A) In general
 There is hereby established a Corporation to be known as the Resolution Trust Corporation which shall be an instrumentality of the United States.
 (B) Status
 The Corporation shall be deemed to be an agency of the United States for purposes of subchapter II of chapter 5 and chapter 7 of Title 5 when it is acting as a corporation. The Corporation, when it is acting as a conservator or receiver of an insured depository institution, shall be deemed to be an agency of the United States to the same extent as the Federal Deposit Insurance Corporation when it is acting as a conservator or receiver of an insured depository institution.
 (C) FDIC as exclusive manager
 Immediately upon enactment of the Financial Institutions Reform, Recovery, and En-

 forcement Act of 1989, the Federal Deposit Insurance Corporation shall be authorized to and shall perform all responsibilities of the Corporation, and shall continue to do so unless removed pursuant to subsection (m) of this section.

2. Section 1391(b), 28 U.S.C., provides: A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

3. Section 1392(a), 28 U.S.C., provides: Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in *any* of such districts.

4. Section 1404(a), 28 U.S.C., provides: For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

sion, at or near Aberdeen, Mississippi. Herrington lives in Jones County, Mississippi, near the community of Moselle, which is in the Southern District of Mississippi. Cumberland's principal place of business is in Aberdeen, Mississippi. Heritage Village, a real estate joint venture, is located also in Aberdeen, Mississippi.

Relying upon the dictates of 28 U.S.C. § 1391(b), the defendants contend that venue is improper in the Jackson Division of the Southern District of Mississippi because the claim neither arose here, nor are all defendants found here. Then, the defendants contend that venue in the Southern District would pose hardship for them and their non-party witnesses. They point to Amos Thompson, the personal accountant of George A. Provias and Chris A. Provias. Defendants contend that Thompson lives and works in Aberdeen, Mississippi, that he has all of the business records of the two above named individual defendants, as well as all the business records of Cumberland Development and Heritage Village. According to defendants, if Thompson is required to come to Jackson for trial, he would have to close his business for at least one week and suffer great expense and burden if he has to transport all of the records in question to Jackson. Hence, defendants alternatively argue that should the court find venue proper in the Southern District, that this case under Section 1404(a) still should be transferred to the Northern District for the convenience of the parties and witnesses.

 The court is not persuaded. The court agrees with the plaintiff that § 1392(a) applies here. It is undisputed that one of the defendants resides in the Southern District. Herrington lives in Jones County, Mississippi, which is in the Southern District of Mississippi. Section 1392 governs actions which are not of a local nature against defendants residing in different districts in the same state. This lawsuit, filed pursuant to 12 U.S.C. § 1441a(b)(1) by the plaintiff, Resolution Trust, as receiver, where Resolution Trust is an instrumentality of the United States, is "not of a local nature." [5] Section 1392(a) provides that in this eventuality the civil action may be brought in any of the districts where the defendants reside. Hence, since Herrington resides in the Southern District of Mississippi, venue is proper here. *See*, 1 Moore's Federal Practice ¶ 0.343[1] at 4189.

In *Al–Muhaymin v. Jones*, 895 F.2d 1147 (6th Cir.1990), the Court addressed the case with facts congruent to that *sub judice*. In *Al–Muhaymin*, the defendants attacked venue under § 1391(b) where 13 defendants resided in the Eastern District of Tennessee where all of the claims arose, while one defendant resided in the Middle District of Tennessee where the action was brought. The district court dismissed the case under 28 U.S.C. § 1391(b). However, the Sixth Circuit reversed the ruling, finding that the district court had erred in failing to consider § 1392(a). The Court stated that while the language of § 1391(b) might appear to be applicable, the language of the statute should be read in conjunction with § 1392(a), since the case was not of a local nature. The Court explained that § 1392(a) is an exception to § 1391. The Court concluded its analysis by noting that in multiple defendant cases the district court could deal with any problems of convenience under 28 U.S.C. § 1404(a).

---

5. *Chateau Lafayette Apartments, Inc. v. Meadow Brook National Bank*, 416 F.2d 301 (5th Cir. 1969), (local actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated); *Brumfield v. Dodd*, 405 F.Supp. 338 (E.D.La.1975), (three-judge panel held that case brought pursuant to 28 U.S.C. § 2281 by plaintiffs against defendants residing in different districts within the same state was a non-local action); *Rogers v. Clipper Cruise Lines, Inc.*, 650 F.Supp. 143 (D.Colo.1986), (while there is no statutory definition of what constitutes "local" as opposed to "transitory" actions, 28 U.S.C. §§ 1392 and 1393(a) recognize that these distinctions exist; actions are transitory when the facts on which they are based could have occurred anywhere; the local category includes actions *in rem* and *in personam* actions for trespass or injury to land); *Johnson v. Jumelle*, 64 F.R.D. 708, 713 (S.D.N.Y.1974), (the word "local" within the meaning of 28 U.S.C. § 1392(a) refers to actions involving property, not to the district in which the facts giving rise to the complaint occur); *See*, 15 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3822, pp. 203–204.

This court has not found, nor have the parties submitted, any cases in the Fifth Circuit which deal directly with this issue. Recently, the Fifth Circuit decided the case of *Gogolin and Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 104 (5th Cir. 1989). In this case, the Fifth Circuit held that § 1392(a) does not apply when the defendants all reside in the same district, but one of them happens additionally to reside in another district. This factual circumstance is not the factual circumstance presented *sub judice*. Furthermore, in *Gogolin and Stelter*, the Court recognized that the intended purpose of the venue provision of § 1392(a) was intended to simplify a plaintiff's task by allowing suit in one district of a state even though the defendants resided in separate districts.

So, relying upon the venue provision found in § 1392(a) and persuaded by the reasoning in *Al–Muhaymin v. Jones, supra*, the court finds that venue is proper in the Southern District of Mississippi.

▉ As an alternative ground, the court is satisfied that under § 1391(b) plaintiff has submitted enough evidence to show that the claim arose here in the Jackson Division of the Southern District of Mississippi. Where the claim arose is a question of federal law and one that is dependent on the facts of each particular case. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185–86, 99 S.Ct. 2710, 2717–18, 61 L.Ed.2d 464 (1979). The burden of proof is on the plaintiff to establish that venue is proper in a particular district. *Hodson v. A.H. Robins Co., Inc.*, 528 F.Supp. 809 (D.C.Va.1981) (aff'd, 715 F.2d 142) (4th Cir.1983); *Mowrey v. Johnson & Johnson*, 524 F.Supp. 771 (D.C.Pa.1981). The Circuit Courts have applied various tests to determine where claims arise, including the "weight of contracts" test, "substantial contacts" test, "substantial part of events giving rise to the claim," "place of injury," and the "significant contacts" test. *See Dody v. Brown*, 659 F.Supp. 541, 548, 551 (W.D.Mo.1987) (summary of different tests).

▉ In *Leroy*, the Supreme Court addressed cases in which it is not clear that the claim arose in only one specific district. *Leroy*, 443 U.S. at 185, 99 S.Ct. at 2717. The Court stated: "it is absolutely clear that Congress did not intend to provide for venue at the residence of the Plaintiff or to give that party an unfettered choice among a host of different districts." *Id.* Venue should be restricted to the residence of the Defendants or the place which may be more convenient to the litigants or to the witnesses who are to testify in the case. *Id.* The determination should be made with respect to: (1) the availability of witnesses; (2) the accessibility of other relevant evidence; and (3) the convenience of the Defendant (but not the Plaintiff). *Id.* The purpose of venue statutes is to protect the Defendant against the risk that a Plaintiff will select an inconvenient or unfair place for trial. *Id.* at 184, 99 S.Ct. at 2716.

▉ The lawsuit in the instant case is essentially one on contract. "[I]n an action for breach of contract, venue is proper at the place of performance." *American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir.1981). *See also Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir.1986) ("venue for a claim based on breach of contract [is] the place of intended performance rather than the place of repudiation"); *Deering Milliken Research Corp. v. Textured Fibres, Inc.*, 310 F.Supp. 491, 500 (D.S.C.1970) ("[T]he general rule is that place of payment of a debt, or contractual obligation, absent clear agreement to the contrary, is the residence or headquarters of the creditor.... The breach of contract, arising from the failure to make payment as agreed, occurred in the county where such offices were located. Accordingly, venue was properly fixed in the county where payment was to be performed.") Where payment is called for in a particular place, the breach occurs, and the cause of action arises at that place. *See Dial v. Ivey*, 370 F.Supp. 833 (E.D.Okla.1974); *Seaboard Surety Co. v. William R. Phillips & Co.*, 279 Ala. 510, 187 So.2d 264, 267–68 (1966).

These facts and authorities demonstrate that plaintiff's claim arose in Jackson, Mississippi, where defendants expressly

agreed to make their payments. Venue is, therefore, proper under 28 U.S.C. § 1391(b).

The court is also unpersuaded that a transfer of this action is called for by § 1404(a). Defendants contend that the Southern District is inconvenient for them and their non-party witnesses. Defendants maintain, too, that all of their records are located in the Northern District.

Plaintiff first responds by citing *Hartford Accident and Indemnity Co. v. Dalgarno Transportation, Inc.*, 618 F.Supp. 1450 (S.D.Miss.1985). In *Dalgarno*, the defendant argued that venue was proper in the Northern District of Mississippi because all of his records were in Aberdeen, Mississippi. The district court rejected defendant's argument, holding that while the location of books and records is a factor to consider, "... general allegations that transfer is needed because of such books and records are not enough." *Hartford Accident and Indemnity Co. v. Dalgarno Transportation, Inc.*, 618 F.Supp. at 1452.

Plaintiff next argues that both plaintiff's counsel and defendants' counsel are located in Jackson, Mississippi, the Southern District of Mississippi, as are plaintiff's central business offices and records pertaining to this lawsuit. Further, plaintiff states that there are as many potential witnesses residing in the Southern District as reside in the Northern District and that the testimony of the witnesses in the Southern District is just as crucial as any witnesses defendants might call. Lastly, plaintiff points to a legion of cases which proclaim that a plaintiff's choice of venue should be accorded great weight in the final determination of venue. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966); *Rodriguez v. Pan American Life Insurance Co.*, 311 F.2d 429, 434 (5th Cir.1962), vacated on other grounds, 376 U.S. 779, 84 S.Ct. 1130, 12 L.Ed.2d 82 (1964); *Curtis v. Beatrice Foods*, 481 F.Supp. 1275 (S.D.N.Y.1980).

As mentioned above, the court declines to transfer this action pursuant to § 1404(a), as the court is convinced by plaintiff's argument. Section 1404(a) provides for transfer to a more convenient forum, not to a forum as convenient or inconvenient. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964).

So, in conclusion, the court denies defendants' motion to dismiss or to transfer venue to the Northern District of Mississippi.

SO ORDERED.