942 F.2d 761
 Darin Gray ARNOLD, Plaintiff-Appellant,
v.
Gary D. MAYNARD, Warden; Dolerse Ramsey; R. Michael Cody;
John Bracken; Calvin Brown; Michael W. Scoggins;
Michael Sharpe; and Buddy Hunt,
Defendants-Appellees.
 No. 90-6315.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 19, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 Darin Gray Arnold, a pro se prisoner, filed this action under 42 U.S.C. § 1983 (1988) in the United States District Court for the Western District of Oklahoma seeking relief for alleged constitutional deprivations arising from disciplinary proceedings against him. The district court dismissed for lack of venue. We reverse.
 
 
 2
 Arnold named eight defendants, six of whom appear to be officials at the Jess Dunn Correctional Center at Taft, Oklahoma, where Arnold is an inmate, and two of whom are officials with the Oklahoma Department of Corrections in Oklahoma City, Oklahoma. Taft is located in the Eastern District of Oklahoma, while Oklahoma City is in the Western District, where this suit was filed. The district court apparently raised the question of venue sua sponte.[1] The court concluded that under 28 U.S.C. § 1391(b), venue was properly in the Eastern District rather than the Western District, and dismissed the action without prejudice.
 
 
 3
 Arnold filed this action on September 14, 1990, and the court dismissed it on September 19, 1990. The version of section 1391(b) in effect on these dates stated: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." 28 U.S.C. § 1391(b)(1988).[2] Although venue would not lie in the Western District under this provision, Arnold contends that venue in that district is nonetheless proper under section 1392(a), which provides that "[a]ny civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts." 28 U.S.C. § 1392(a)(1988). We agree.
 
 
 4
 Tort actions are clearly transitory rather than local for purposes of venue under section 1392(a). See 15 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3822, at 211 (2d ed. 1986). The Supreme Court analyzed the nature of section 1983 actions with respect to selecting the proper statute of limitations period in Wilson v. Garcia, 471 U.S. 261, 276-79, 105 S.Ct. 1938, 1947-49, 85 L.Ed.2d 254 (1985). The Court there recited compelling reasons for characterizing a section 1983 claim as one in the nature of a tort action for the recovery of damages for personal injuries. Those reasons are equally applicable here. Indeed, every circuit which has considered the issue has concluded that actions brought under section 1983 are "not of a local nature" for purposes of ascertaining venue under section 1392(a). See Al-Muhaymin v. Jones, 895 F.2d 1147, 1148 (6th Cir.1990) (per curiam); Bolding v. Holshouser, 575 F.2d 461, 466 (4th Cir.), cert. denied, 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978); Sinwell v. Shapp, 536 F.2d 15, 17-18 (3d Cir.1976).
 
 
 5
 While conceding that matters of venue in federal court are controlled entirely by federal law, the dissent would nonetheless turn to state law to interpret the federal venue statute for this federal claim. The propriety of this approach is dubious even as a general rule. See, generally, Raphael J. Musicus, Inc. v. Safeway Stores, Inc., 743 F.2d 503, 506 (7th Cir.1984); 15 Federal Practice & Procedure § 3822, at 207-09. However, resolving venue on the basis of state law is particularly inappropriate in a civil rights case. Our court has stated that state legislative concerns embodied in state law restrictions on state suits against state and local officials are not applicable to federal civil rights claims. See, e.g., Childers v. Independent School Dist. No. 1, 676 F.2d 1338, 1342-43 (10th Cir.1982). Our holding in this regard was approved by the Supreme Court, see Burnett v. Grattan, 468 U.S. 42, 46 n. 9, 104 S.Ct. 2924, 2927 n. 9, 82 L.Ed.2d 36 (1984), when it considered the applicability of state short statutes of limitations to federal civil rights suits. The Court emphasized that the state's policy of providing a short limitations period for suits against its public officers reflected
 
 
 6
 "a judgment that factors such as minimizing the diversion of state officials' attention from their duties outweigh the interest in providing employees ready access to a forum to resolve valid claims. That policy is manifestly inconsistent with the central objective of the Reconstruction-Era civil rights statutes, which is to ensure that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief."
 
 
 7
 Id. at 55, 104 S.Ct. at 2932. (emphasis added). The Court noted that " '[i]t would be anomalous for a federal court to apply a state policy restricting remedies against public officials to a federal statute that is designed to augment remedies against those officials, especially a federal statute that affords remedies for the protection of constitutional rights.' " Id. at 55 n. 18, 104 S.Ct. at 2932 n. 18 (quoting Pauk v. Board of Trustees of City Univ. of New York, 654 F.2d 856, 862 (2d Cir.1981)); see also Wilson, 471 U.S. at 269, 105 S.Ct. at 1943 ("Congress surely did not intend to assign to state courts and legislatures a conclusive role in the formative function of defining and characterizing the essential elements of a federal cause of action.").
 
 
 8
 Contrary to the dissent's assertion, deferring to state law on the issue of venue in this case would limit the relief otherwise available to this civil rights plaintiff. As the quotation from the Oklahoma Supreme Court relied on by the dissent makes clear, state law with respect to venue for state claims against public officials promotes the interests of the defendants at the expense of the plaintiffs by restricting the forums available. This narrowing of relief to further the interests of defendant state officials is as antithetical to the broad remedial purpose of section 1983 in this case as it was in the cases rejecting state law for purposes of limitations periods. Indeed, the Court in Wilson specifically refused to characterize section 1983 actions as analogous "to state remedies for wrongs committed by public officials," observing that "[i]t was the very ineffectiveness of state remedies that led Congress to enact the Civil Rights Acts in the first place." 471 U.S. at 279, 105 S.Ct. at 1948.
 
 
 9
 Accordingly, we conclude that this section 1983 action is transitory within the meaning of section 1392(a), and that venue was therefore properly in the Western District of Oklahoma under that provision. The judgment is reversed and the case remanded for further proceedings.
 
 McKAY, Circuit Judge, dissenting:
 
 10
 The appellant, Darin Gray Arnold, filed an action under 42 U.S.C. § 1983 (1988) in the United States District Court for the Western District of Oklahoma seeking relief for alleged deprivations of his constitutional rights. The appellant has named eight defendants. Six of them appear to be officials at the Jess Dunn Correctional Center at Taft, Oklahoma, where the appellant is an inmate. The other two are officials with the Oklahoma Department of Corrections, located in Oklahoma City, Oklahoma. Taft is located in the Eastern District of Oklahoma, while Oklahoma City is in the Western District, where this suit was filed.
 
 
 11
 The appellant complains that his due process rights were violated by certain disciplinary procedures initiated against him by prison officials. All of the procedures were conducted by officials at Taft, except that the decisions of the prison officials were reviewed and affirmed by an official at the Department of Corrections as part of the administrative appeal process. The appellant also alleges that the Oklahoma Department of Corrections regulation which he was found to have violated is unconstitutionally vague. Finally, the appellant alleges that the prison warden has denied the appellant's request to marry, in violation of the prison rules and regulations.
 
 
 12
 The district court determined that the Western District of Oklahoma was not a proper venue for this action, and therefore dismissed it without prejudice. The district court held that the applicable venue provision is 28 U.S.C. § 1391(b) (1988), which states: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside or in which the claim arose, except as otherwise provided by law." There can be no doubt that under traditional jurisprudence this case arose in the Eastern District of Oklahoma.
 
 
 13
 The appellant now challenges the dismissal, arguing that, because two of the eight named defendants are residents of the Western District of Oklahoma, venue is proper in that district under 28 U.S.C. § 1392(a) (1988). That provision states: "Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts." (Emphasis added.)
 
 
 14
 I do not disagree with the court that the interpretation of 28 U.S.C. § 1392(a) (1988) is a matter of federal law. The centerpiece of the dispute is the language in that rule, "not of a local nature." This dispute need be of no great consequence in this circuit because it could arise only in the state of Oklahoma but not in any other equally large states within the circuit. Furthermore, I have no doubt that the court could have transferred this case to the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1404 even if the courts' view of section 1392(a) were correct. See Starnes v. McGuire, 512 F.2d 918, 927-28 (1974) (transporting prisoners across long distances normally will justify transfer of a petition filed in one district to the district where the prisoner is confined). Moreover, if I perceived that my view of the proper interpretation of the "local nature" language would have any substantial effect of burdening the filing of civil rights' suits, I would apply that overriding policy to the views here expressed. The dispute is simply whether in multi-federal district states the language "of a local nature" applies only to real property disputes or does it look more broadly to other aspects of state law.
 
 
 15
 While interpretation of this federal venue statute clearly is a matter of federal law, its very language--"local nature"--looks to the state and its body of law for guidance in its interpretation. Because the rule itself dictates that federal courts look to the state in the first instance to determine whether the matter is "of a local nature," I would look there first; and if the state makes the action local in nature, I would reject that state policy only if it conflicted with some other overriding federal interest. In this case I am not persuaded that the majority has raised a concern which would cause me to override the particular state law in this case. Oklahoma has a statute which declares, "Actions for the following causes must be brought in the county where the cause or some part thereof arose: ... an action against a public officer for an act done by him in virtue or under color, of his office, or for neglect of his official duties." Okla.Stat.Ann. tit. 12, § 133 (West 1988). This statute has been interpreted by the Oklahoma Supreme Court as follows:
 
 
 16
 "The evident purpose of the statute is to confine actions on account of the conduct of officers to the county or counties in which the act or acts of the officer were done ... By it proceedings against public officers for official acts are referred to the courts of the county where the acts are done. It is an expression of the purpose of the Legislature to localize suits against officers. It relieves them from the necessity of deciding between the conflicting orders of courts of different counties. They are amenable only to the courts of the county in which they are acting."
 
 
 17
 Grand River Dam Authority v. State, 645 P.2d 1011, 1013-14 (Okla.1982) (quoting Oklahoma Ordnance Works Auth. v. District Court of Wagoner County, 613 P.2d 746, 715 (Okla.1980) (emphasis in original)).
 
 
 18
 I find nothing in the Oklahoma law or its probable impact on section 1983 actions which persuades me that the decision of the Oklahoma legislature to localize actions like the one before us is antithetical to the purpose of section 1392(a) or to section 1983. Section 1392(a) is limited to actions that are internal to the boundaries of one state. Thus, I would follow the mandate of section 1392(a) and look at local law in determining whether the exception to the rule should be applied. In this case, it leads me to conclude that the action was properly ordered dismissed because it was improperly filed in the Western District of Oklahoma.
 
 
 
 [1]
 We note that 28 U.S.C. § 1406(b)(1988) provides: "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." Venue is thus a personal privilege of a defendant which may be waived by the failure to make timely objection. There is authority for the view that "[i]t is not proper for the court to dismiss an action on its own motion for improper venue if there has been no objection from the party for whose benefit the privilege exists." 15 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3826, at 257 (2d ed. 1986)
 
 
 [2]
 Section 1391(b) was amended by the Judicial Improvements Act of 1990, Pub.L. No. 101-650, § 311, 104 Stat. 5114 (1990). The amended version provides that a civil action not founded solely on diversity may be brought only in:
 "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."
 28 U.S.C.A. § 1391(b) (West Supp.1991). The italicized portion of the amended statute, if applicable to this case, clearly provides for venue in the Western District, as that is where at least one defendant resides.
 Because the Judicial Improvements Act contains no effective date provision specifically applicable to the 1990 amendments to section 1391(b), we assume the new version went into operation on the effective date of the Act, which was December 1, 1990. See id., D. Siegel, Commentary on 1990 Revision of Subdivisions (a), (b), and (c). Application of the amendments to cases such as this one, which were pending on the effective date, is likewise not addressed in the Act.
 This court recently recognized two lines of Supreme Court authority "setting forth conflicting presumptions regarding the retroactive application of a newly enacted federal statute where congressional intent is unclear." DeVargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377, 1388 (10th Cir.1990), cert. denied --- U.S. ----, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991). Faced with irreconcilable Court positions on the issue, compare Bradley v. School Bd. of City of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) and Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), we elected to follow Bowen's holding that a statute is to be given only prospective effect unless a contrary legislative intent appears. DeVargas, 911 F.2d at 1390-93. In so doing, however, we pointed out that we were there concerned with a statute affecting substantive rights and liabilities. See id. at 1392-93. The presumption has always been to the contrary with respect to statutes that address matters of procedure and jurisdiction. "[W]here a new statute deals only with procedure, prima facie it applies to all actions--to those which have accrued or are pending, and to future actions." 2 N. Singer, Sutherland Statutory Construction § 41.04, at 349 (Sands 4th ed. 1986); see also Hallowell v. Commons, 239 U.S. 506, 508, 36 S.Ct. 202, 203, 60 L.Ed. 409 (1916) (statute which simply changes tribunal that is to hear case applied to pending action); Ward v. Resolution Trust Corp. (In re Resolution Trust Corp.), 888 F.2d 57, 58 (8th Cir.1989); Agfa-Gevaert, A.G. v. A.B. Dick Co., 879 F.2d 1518, 1524 (7th Cir.1989); Friel v. Cessna Aircraft Co., 751 F.2d 1037, 1039 (9th Cir.1985) (per curiam).
 Given our conclusion that venue in this case is proper in the Western District under section 1392(a), we need not address whether, under our holding in DeVargas, the amended version of section 1391 would apply to a case pending on appeal on its effective date.