78 F.3d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leonard Ricky KELLY, Plaintiff-Appellant
v.
Tom C. MARTIN, Franklin Freeman, J.V. Turlington, Defendants-Appellees
 No. 95-6271.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1996.
 
 Before SEYMOUR, Chief Circuit Judge, McKAY and LUCERO, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Plaintiff Leonard Ricky Kelly is an inmate at the Great Plains Correctional Facility (GPCF) in Hinton, Oklahoma. He appeals the district court's dismissal of his pro se 1983 civil rights action, brought in forma pauperis against prison officials in Oklahoma and North Carolina. We affirm.
 
 
 2
 In his complaint, filed in the Western District of Oklahoma, Kelly claims that he was illegally transferred to GPCF from prison in North Carolina, where he was serving a term for breaking and entering. (Based on the record it appears that the transfer took place sometime after July 1994.) He specifically alleges that his transfer was made in retaliation for his efforts to expose wrongdoing by officials and inmates in the North Carolina prison where he was incarcerated, and that North Carolina prison officials tampered with his mail, all in violation of the First Amendment. Kelly also alleges that the transfer violated due process because his plea agreement did not warn him that his sentence might be served outside North Carolina. He further claims that the transfer agreement between North Carolina and GPCF constituted an ex post facto law as applied to him, because it was not enacted until after his crime was committed. As defendants Kelly names Tom Martin, the warden of GPCF, and Franklin Freeman and J.V. Turlington, two North Carolina prison officials. Adopting the magistrate's report and recommendation, the district court dismissed with prejudice the complaint with respect to defendant Martin, finding the claims frivolous under 28 U.S.C.1915(d), and dismissed without prejudice the claims against Freeman and Turlington because venue was inappropriate.
 
 
 3
 In construing Kelly's complaint, it appears that his grievances rest almost entirely on actions taken in North Carolina by officials in that state. The only specific allegation against Martin is that he "kidnapped" Kelly by incarcerating him at GPCF even though Kelly had committed no crime in Oklahoma. There is no allegation in the complaint that Martin participated in any way in the decision to transfer Kelly. The district court found the claim against Martin frivolous. We review a 1915 dismissal to determine if, after reviewing the factual allegations and legal conclusions, the complaint "lacks an arguable basis either in law or in fact.' " Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir.1991) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).
 
 
 4
 A claim brought under 1983 requires allegations of personal action on part of a defendant, either by participation or acquiescence in the alleged violation of plaintiff's rights. Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 816 (10th Cir.1981), cert. denied, 459 U.S. 840 (1982). Other than the allegation that Martin was responsible for incarcerating Kelly at GPCF in violation of due process, there is no suggestion that Martin was personally involved in any violation of Kelly's rights.[2] An inmate has no justifiable expectation that he will be incarcerated in any particular state, and a transfer out of state does not implicate the Due Process Clause. Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983). Based on the complaint's allegations, Martin's acts could not possibly give rise to a claim under 1983. We affirm the district court's dismissal.
 
 
 5
 The district court also adopted the magistrate's conclusion, made sua sponte, that venue was improper in the Western District of Oklahoma with respect to Freeman and Turlington. The court may raise sua sponte the issue of venue in the setting of a 1915 case. See Yellen v. Cooper, 828 F.2d 1471, 1474-76 (10th Cir.1987) (allowing for dismissal, under 1915(d) on grounds that would be the basis of an affirmative defense); see also Costlow v. Weeks, 790 F.2d 1486, 1487-88 (9th Cir.1986) (allowing dismissal sua sponte for lack of venue before responsive pleading had been filed; issue had not been waived). 28 U.S.C. 1391(b), the general venue provision for federal civil claims, provides that an action may be brought only in:
 
 
 6
 (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
 
 
 7
 In 1983 cases, such as this, where defendants reside in different states, 1391(b) applies. See Arnold v. Maynard, 942 F.2d 761, 762 & n. 2 (10th Cir.1991).
 
 
 8
 Defendants Freeman and Turlington are North Carolina officials and presumably reside in that state. All of the events giving rise to Kelly's claims occurred in North Carolina. All the decisions relating to his transfer were made by officials in North Carolina. The retaliation for Kelly's alleged protected activity took place in North Carolina. Under 28 U.S.C. 1391(b), the proper venue would have been in a district in North Carolina. We do not venture to establish in which North Carolina district the action could be recommenced; it is clear that venue is improper in the Western District of Oklahoma.
 
 
 9
 The district court chose to dismiss the action rather than transfer. Under 28 U.S.C. 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." We review for abuse of discretion a district court's decision to dismiss under 1406(a). Cote v. Wadel, 796 F.2d 981, 985 (7th Cir.1986).
 
 
 10
 The magistrate did not find a reason why the interests of justice would require transferring the case, rather than dismissing it altogether. The only reason Kelly suggests for transferring is the additional costs associated with refiling his action in North Carolina. We do not find that the district court abused its discretion, particularly in light of the fact that the limitations period for Kelly to file in North Carolina has not run. See National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir.1991) (borrowing a three-year limitations period from North Carolina law for 1983 actions in that state), cert. denied, 504 U.S. 931 (1992).
 
 
 11
 In conclusion, we AFFIRM the district court's DISMISSAL WITH PREJUDICE of the claims against defendant Martin, as well as its DISMISSAL WITHOUT PREJUDICE of the claims against defendants Freeman and Turlington.
 
 
 
 [1]
 The case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 On appeal, Kelly makes additional claims against Martin not found in the complaint, but he presents no further facts suggesting Martin was personally involved in the violations alleged against the North Carolina prison officials